**674**

STATE of Missouri, Respondent,

v.

Thomas C. KELLY and Lloyd M. Kelly, Appellants.

No. 52037.

Missouri Court of Appeals,
Eastern District,
Division One.

March 31, 1987.

Motion for Rehearing and/or Transfer
Denied May 6, 1987.

Robert A. Hampe, St. Louis, for appellants.

Robert A. Margulis, Stephen A. Moore, Asst. Circuit Attys., George A. Peach, Circuit Atty., St. Louis, for respondent.

CRIST, Judge.

Defendants were convicted in a jury-waived trial of promoting pornography in the second degree. § 573.030, RSMo (1986). Defendant Thomas C. Kelly was sentenced to pay a fine of $1,000, and defendant Lloyd M. Kelly was sentenced to pay a fine of $500. We affirm.

A police officer entered defendants' store and purchased a pornographic movie. This officer had neither heard nor viewed the movie at any time. However, the box containing the movie graphically depicted the pornographic nature of the movie. He then took the box containing the pornographic movie outside to another officer waiting in a car. Neither officer viewed nor had knowledge of the pornographic film at this time excepting for the information on the box. The officer who bought the movie went back into the store and arrested defendants without a warrant.

In the trial court, defendants stipulated to the facts surrounding the arrest. They also stipulated they promoted the sale of the movie for pecuniary gain, the movie was pornographic as defined by law, they knew the content and character of the movie when they sold it, and the box containing the movie accurately depicted the contents of the movie. The defendants waived almost all rights on appeal including the issue of scienter on the part of the defendants and the issue of whether a prior judicial determination of obscenity was required before defendants could be arrested. The sole appealable issue was whether the State could proceed with the prosecution of defendants for promoting pornography in the second degree where defendants were placed under arrest prior to the police officer actually viewing the pornographic movie even though the box containing the movie graphically depicted the pornographic na-

ture of the movie. The trial court questioned the defendants to make sure the stipulations were knowingly and voluntarily entered.

 In their brief, defendants chose only to brief the issue of whether a prior judicial determination of obscenity was required before defendants were arrested. This issue was specifically waived in the stipulation filed in the trial court and cannot be considered here.

 In any event, the obscene movie was purchased instead of seized. The admittance of the movie into evidence could not have been challenged as the result of an illegal seizure. Furthermore, there was probable cause for the arrest. A seller's knowledge of the pornographic nature of a film can be proven where the box containing the obscene movie depicts the nature of the movie. *State v. Triplett*, 722 S.W.2d 633, 636[2] (Mo.App.1986); *State v. Schamma*, 659 S.W.2d 589, 592[5] (Mo.App.1983). If such evidence is sufficient to prove a criminal defendant's knowledge beyond a reasonable doubt, it is sufficient to provide a police officer with probable cause.

Judgment affirmed.

SATZ, P.J., and KELLY, J., concur.