11th
Court of Appeals

                                                                  Eastland,
Texas

                                                             Memorandum
Opinion

 

In the
Matter of C.M., a Juvenile

No.
11-02-00150-CV   --  Appeal from Erath County

 

The jury
found that C.M. engaged in delinquent conduct by committing the offense of
burglary of a habitation.  The trial
court committed C.M. to the Texas Youth Commission for an indeterminate period
of time based upon the jury=s finding.  We affirm.  

The State
alleged that C.M., a 13-year-old male, 
and three other male juveniles burglarized the home of Vera Jo Hill on
or about November 29, 2001.  The three
other juveniles were brothers ranging in age from 11 to 13.  They lived in a rural area on the other side
of a pasture between their home and Hill=s home.  All three of the
accomplices testified at trial.  Each
admitted to burglarizing Hill=s home.  They also testified
that C.M. participated in the burglary with them.              

C.M.
argues that the three other juveniles were accomplices as a matter of law,
attacks the sufficiency of the evidence to corroborate the accomplices=s testimony, and contends that the trial
court erred by not granting his motion for directed verdict based upon this
allegation.  There is no dispute that
the three other male juveniles were C.M.=s accomplices.   TEX. FAM. CODE
ANN. ' 54.03(e) (Vernon 2002) requires
corroboration of accomplice testimony in juvenile delinquency proceedings:

An adjudication of delinquent conduct or
conduct indicating a need for supervision cannot be had upon the testimony of
an accomplice unless corroborated by other evidence tending to connect the
child with the alleged delinquent conduct or conduct indicating a need for
supervision;  and the corroboration is
not sufficient if it merely shows the commission of the alleged conduct.

 








The accomplice‑witness
language in Section 54.03(e) is identical in substance to TEX. CODE CRIM. PRO.
ANN. art. 38.14 (Vernon 1979).  See In
the Matter of M.E.R., 995 S.W.2d 287, 290 
(Tex.App. B Waco
1999, no pet=n). 
Therefore, we look to the decisions of the Court of Criminal Appeals
under Article 38.14 as guidelines for the interpretation of Section
54.03(e).  See In the Matter of M.E.R.,
supra.  

Article
38.14 provides that a conviction cannot stand on accomplice testimony unless
there is other evidence tending to connect the defendant to the offense.  See Vasquez v. State,  67 S.W.3d 229, 236 (Tex.Cr.App.2002); Cathey
v. State, 992 S.W.2d 460, 462 (Tex.Cr.App.1999), cert. den=d, 528 U.S. 1082 (2000).  The non‑accomplice
evidence need not be sufficient, in itself, to support a conviction; and the
accomplice-witness rule is not governed by federal or state constitutional
standards. See Vasquez v. State, supra; Cathey v. State, supra.  It is not necessary that the corroborating
evidence directly connect the defendant to the crime or that it be sufficient
by itself to establish guilt; it need only tend to connect the defendant to the
offense. Cathey v. State, supra; Reed v. State, 744 S.W.2d 112, 126
(Tex.Cr.App.1988).  If the combined
weight of the non‑accomplice evidence tends to connect the defendant to
the offense, the requirement of Article 38.14 has been fulfilled.  Cathey v. State, supra; Gosch v. State, 829
S.W.2d 775, 777 (Tex.Cr.App.1991).  The
method for determining whether evidence is sufficient to corroborate accomplice
testimony is to first eliminate from consideration the accomplice‑witness=s testimony and then examine the other
inculpatory evidence to ascertain whether the remaining evidence independently Atends to connect@ the defendant with the offense.  McDuff v. State, 939 S.W.2d 607, 612
(Tex.Cr.App.), cert. den=d, 522 U.S. 844
(1997).   Accordingly, we review the
testimony offered by the other witnesses to determine whether the testimony of
the three accomplices is adequately corroborated.








R.J.K., a
14-year-old neighbor of Hill, testified that he observed four male juveniles
exit the back door of Hill=s home carrying objects which resembled rifles.  R.J.K. further observed the four male
juveniles entering the home of the three accomplices after they walked across
the pasture separating the two houses. 
Sheila K. Filio, the mother of the three accomplices, testified that C.M.
was a guest in her home at the time that the burglary occurred.  She also testified that her only other
child,  her nine-year-old daughter, did
not go outside with her brothers at any time on the day of the burglary.  Deputy Clayton Hollifield with the Erath
County Sheriff=s Department responded to a call of gunshots
being fired from the home of the three accomplices a few hours after the
burglary occurred.   Deputy Hollifield
testified that C.M. was present at the accomplices= home during the investigation of the
gunshots.[1]  The foregoing  non‑accomplice evidence tends to connect C.M. to the
offense.  Evidence that the accused was
in the company of the accomplices at or near the time or place of the offense
is proper corroborating evidence. 
McDuff v. State, supra at 613.  C.M.=s complaints regarding the sufficiency of the
evidence corroborating the testimony of the accomplices are overruled.

C.M. also
asserts that the trial court erred in failing to include an accomplice-witness
instruction in the court=s charge.  We note that C.M. did
not raise this objection in the trial court. 
The trial court=s failure
to include an instruction on accomplice‑witness testimony in the jury
charge was error, regardless of whether an objection was made.  Saunders v. State, 817 S.W.2d 688, 693
(Tex.Cr.App.1991).  When he has failed
to bring the improper omission to the trial court=s attention, the accused must show egregious harm.  Herron v. State, 86 S.W.3d 621, 632
(Tex.Cr.App.2002). Under the egregious harm standard, the omission of an
accomplice-witness instruction is generally harmless unless the corroborating
(non‑accomplice) evidence is Aso unconvincing in fact as to render the State=s overall case for conviction clearly and
significantly less persuasive.@  Herron v. State, supra at 632;
Saunders v. State, supra at 692.   The
corroborating evidence in this case is not unconvincing.   The failure to include the
accomplice-witness instruction was, therefore, harmless.  C.M.=s contention is overuled.

The
judgment of the trial court is affirmed.

 

W. G.
ARNOT, III

CHIEF
JUSTICE

 

March 20, 2003

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.











     [1]The oldest accomplice took Deputy Hollifield to the
location where the stolen guns were abandoned by the juveniles.