11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Danny Lee Fisher

Appellant

Vs.                   No. 11-02-00064-CR -- Appeal
from Brown County

State of Texas

Appellee

 

The jury
convicted Danny Lee Fisher of the offense of burglary of a building and
assessed his punishment at confinement in a state jail facility for 2 years and
fine of $10,000.  We affirm. 

Appellant
presents two points of error on appeal. 
Both points assert that the Aevidence is legally insufficient@ to support appellant=s conviction.  Appellant=s argument under these points, however, is
that the evidence is insufficient to corroborate the testimony of the
accomplice witness.  In order to support
a conviction based upon the testimony of an accomplice, there must be
corroborating evidence that tends to connect the accused with the offense.  TEX. CODE CRIM. PRO. ANN. art. 38.14 (Vernon
1979); Cathey v. State, 992 S.W.2d 460, 462 (Tex.Cr.App.1999), cert. den=d, 528 U.S. 1082 (2000); Reed v. State, 744 S.W.2d 112
(Tex.Cr.App.1988).  To determine the
sufficiency of the corroboration, we must examine the testimony of the non‑accomplice
witnesses and determine if there is inculpatory evidence Atending to connect@ appellant to the crime.  Reed v. State, supra at 127.  An accomplice witness need not be
corroborated in all his testimony, and the corroboration need not directly link
the accused to the crime or be sufficient in itself to establish guilt.  Reed v. State, supra.  








The record
shows that an accomplice witness, Martin Earl Horrell, testified that he and
appellant committed the offense.  At the
time of appellant=s
trial, Horrell had already been convicted of this burglary.  Horrell=s testimony indicated that he was riding with appellant and that, as
they were passing the building, appellant asked him if he wanted Ato do this building.@ 
Horrell agreed.  Horrell
testified that he and appellant entered the building, stole some tools and a
tool box, and tried to steal the motorcycle. 
Horrell stated that they found the motorcycle up on a hoist and that,
because the motorcycle was too heavy for them to lift into the pickup, they
left the motorcycle lying on its side outside the building.  According to Horrell, appellant took the
motorcycle seat.  They took the stolen
items to the house where the motorcycle seat was later located.  

The
non-accomplice witnesses included the complainant, Stephen Hill, who testified
that a building that he used for storage was burglarized.  Hill used the building to store his
motorcycle and tools.  The building was
an enclosed metal building with metal doors that were kept locked.  Hill testified that, after being informed
that an older model, two-tone blue Chevrolet pickup was suspiciously backed up
to the back of the building, he went to check on the building.  He found that both back doors had been Achiseled or busted open.@  Hill=s motorcycle, which he kept suspended in the
air with a hoist, was lying Ain the ditch kind of in the pasture away from the road.@  His
new tool set, a large stand-up tool box, and the seat from his motorcycle had
been stolen.  After reporting the
incident to the proper authorities, Hill went into town and noticed a pickup
matching the description of the one that had been backed up to his shop earlier
that evening.  Hill followed the pickup
out of town.  The pickup pulled off the
highway onto a dirt road and then onto the property where the storage building
was located.  However, when Hill pulled
up behind the pickup, the pickup took off. 
Hill tried to stop the pickup, but the driver of the pickup would not
stop; he just kept going faster and faster. 
When the pickup got back to town, it finally stopped.  Hill recognized the occupants of the pickup
to be Horrell and appellant.  Appellant
and Horrell matched the description of the two people that had been seen
earlier that day at the building:  Aa tall man@ and Aa short person with fuzzy hair.@  

Deputy
Brian Thompson and Deputy Michael McCoy testified that they located the stolen
motorcycle seat in a trash bag at the house to which Horrell had sent
them.  The house was leased to a friend
of appellant, and appellant had been seen at that house.  The owner of the pickup testified that she
had loaned the pickup to appellant.  








We hold
that the non-accomplice evidence was sufficient to corroborate Horrell=s testimony because it included inculpatory
evidence tending to connect appellant to the offense.  The pickup that was seen backed up to the building on the day of
the burglary matched the description of the one appellant had borrowed and was
in on the day of the offense.  Appellant
and Horrell matched the description of the two people that were seen at the
building.  Appellant and Horrell later
drove out to the building in that same pickup but fled when Hill
approached.  The stolen motorcycle seat
was subsequently located at a house where one of appellant=s friends lived.  Because we hold that the accomplice witness=s testimony was sufficiently corroborated, we
overrule both of appellant=s points of error.  

The
judgment of the trial court is affirmed. 


 

JIM
R. WRIGHT

JUSTICE


 

April 3, 2003

Do not publish.  See TEX.R.APP.P. 47.2(b). 

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.