Opinion Issued March 25, 2004







 










     
In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00335-CR




CHARLES BARBER, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 183rd District Court
Harris County, Texas
Trial Court Cause No. 8699800




MEMORANDUM OPINION

          A jury found appellant, Charles Barber, guilty of the felony offense of theft of
property valued at more than $20,000 and less than $100,000. After appellant
pleaded true to two enhancement allegations, the trial court sentenced him to 35
years’ confinement. In one point of error, appellant contends that there is insufficient
evidence to sustain his conviction. We affirm.
Facts
          The Sony PlayStation 2 game system is a popular, relatively expensive toy sold
by Toys R Us. At the company’s Wingfoot Distribution Center in Houston, the
PlayStations are stored in a large trailer. The trailer location and its contents are
common knowledge among the employees at the distribution center. Appellant was
charged with stealing a trailer-load of the PlayStations


 on January 31, 2001 at about
2:30 a.m. while he was a truck driver for Toys R Us assigned to the Wingfoot facility. 
Roy Gloria, a night dispatcher at the facility, and Andrew Fiore, a Pinkerton security
guard at the facility, were on duty. The three had agreed that appellant would drive
the 18-wheeler containing the PlayStations, Gloria would follow in his car, and Fiore
would look the other way. To conceal their actions, none of the three adhered to the
usual monitoring or reporting procedures required of them. Appellant and Gloria
drove to a warehouse located on Westpark and unloaded the PlayStations. Appellant
then drove the trailer back to the distribution center. Eventually, appellant sold the
stolen games and met with Gloria and Fiore several times at different locations to
split the proceeds.
          When appellant’s supervisor, John Ryder, arrived at work on January 31, 2001,
he immediately noticed the trailer had been moved and discovered the lock had been
cut and the contents were missing. Ryder confirmed that appellant, Gloria, and Fiore
worked on the same night shift and were all on duty on the 31st. Ryder contacted
Brad Heiman, a Toys R Us loss prevention manager, to initiate an investigation. 
Heiman considered everyone who worked at the distribution center to be a suspect,
because it appeared clear to him that it was an “inside job.” 
          After Gloria and Fiore confessed their involvement in the theft and implicated
appellant, Heiman turned the investigation over to the Houston Police Department. 
Gloria told the police about the warehouse on Westpark where some stolen
merchandise was being stored. The police got a warrant, searched the warehouse, and
recovered approximately $29,000 worth of Toys R Us merchandise. No PlayStations
were recovered, but two empty PlayStation boxes were still on the premises.
          Durasomo Ajose, who ran a dry cleaning business at the same warehouse, told
police she had seen appellant several times in the hallway of the storage facility near
her store and had last seen him there the day before the police recovered the stolen
merchandise. She described appellant to the police and immediately identified him
from a photo spread the police showed her. Tai Lee, Gloria’s brother-in-law, who
was granted immunity before testifying, testified that he met appellant the night the
PlayStations were stolen, went with him to the warehouse, and bought 25 of the
PlayStations for $4000. He knew they were stolen and testified he bought stolen
merchandise from appellant at other, unspecified times. He also testified that a friend
of his went with appellant and him to the warehouse, and that his friend left with
another 25 PlayStations.
          During two telephone calls made at the police’s instigation, Gloria attempted
to get appellant to incriminate himself, but was not successful. Gloria also signed an
affidavit while he was awaiting trial in which he swore appellant was not involved
in the theft, but he later recanted the affidavit. Appellant never confessed, and there
was no physical evidence linking him to the crime. He testified he had taken some
time off work on the 31st because it was his birthday, which he celebrated with his
girlfriend and children. He contended that the witnesses who testified against him
were either lying or mistaken. The jury evidently did not believe his denials and
convicted him of the theft.Discussion
          In his sole point of error, appellant argues that there is insufficient evidence to
sustain his conviction because the accomplice witness testimony of Roy Gloria,
Andrew Fiore, and Tai Lee was not properly corroborated as required by article 38.14
of the Texas Code of Criminal Procedure. 
          Texas Code of Criminal Procedure article 38.14 provides that “a conviction
cannot be had upon the testimony of an accomplice unless corroborated by other
evidence tending to connect the defendant with the offense committed.” Tex. Code
Crim. Proc. Ann. art 38.14 (Vernon 1979). The corroboration is insufficient if it
merely shows the commission of the offense. Id.  
          In assessing the sufficiency of the corroborative evidence, we eliminate the
testimony of the accomplice witnesses from consideration and examine the testimony
of other witnesses to ascertain whether the non-accomplice evidence tends to connect
the accused with the commission of the offense. Hernandez v. State, 939 S.W.2d 173,
176 (Tex. Crim. App. 1997). Texas courts have held that it is not necessary that
corroborating evidence directly connect a defendant to a crime, or that it be sufficient
by itself to establish guilt; the evidence need only tend to connect the defendant to the
offense. Cathey v. State, 992 S.W.2d 460, 462 (Tex. Crim. App. 1999). The non-accomplice evidence need not be sufficient itself to establish the accused’s guilt
beyond a reasonable doubt. Hernandez, 939 S.W.2d at 176. All the law requires is
that some non-accomplice evidence tends to connect the accused to the commission
of the offense.


 Id. 
          Appellant claims that the testimony of Gloria, Fiore, and Lee was not
sufficiently corroborated. However, Ryder testified that appellant was the driver
working the night of the theft and that the only other employees working that night
were Gloria and Fiore. Ajose also testified that she had seen appellant coming and
going from the warehouse facility the day before the police executed a search warrant
at the facility that resulted in their discovering PlayStation boxes and recovering Toys
R Us merchandise. 
          We hold that, taken together, the non-accomplice evidence tended to connect
appellant to the theft of the PlayStations and was therefore sufficient to corroborate
Gloria’s, Lee’s, and Fiore’s testimony. We overrule appellant’s sole point of error.Conclusion
          We affirm the judgment. 
 
 
                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Nuchia, Jennings, and Keyes.
Do not publish. Tex. R. App. P. 47.4.