# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00135-CR

**Hilary Childre, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT NO. 3022554, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Hilary Childre guilty of burglary of a habitation and two counts of aggravated robbery and assessed punishment at thirty-five years' imprisonment for each offense. *See* Tex. Pen. Code Ann. §§ 29.03, 30.02 (West 2003). Appellant's sole point of error is that accomplice witness testimony was not adequately corroborated. We will affirm the convictions.

The accomplice witness was Tiffany Bradford. She testified that she and appellant were living together on November 28, 2002. At about 4:00 a.m. that day, Chris Vallejo came to their residence and asked them to participate in Vallejo's scheme to rob Mike Clark, a drug dealer. Told by Vallejo that Clark had $20,000 in his house, Bradford and appellant agreed to take part in the robbery. The three conspirators drove to Clark's house in Bradford's pickup. Vallejo was armed with a pistol; appellant took his shotgun.

They parked a short distance from Clark's residence. According to plan, Bradford walked to Clark's front door, knocked, and asked the woman who answered if she could use the telephone, saying she had been abandoned after a fight with her boyfriend. (The woman who came to the door was identified at trial as Kelly McKeon. Also in the house that morning were Clark, Clark's girlfriend Nicole Edmonds, Eli Bustamante, and Thomas Pool.) Bradford was invited in and taken to a telephone, which she used to call appellant's cell phone. After pretending to ask for a ride home, Bradford walked through the house and noticed the other persons who were there.

Saying she was going to look for her ride, Bradford walked outside and reported to Vallejo and appellant what she had seen. They instructed her to return to the house, wait for their knock, and open the door for them. Bradford went back inside Clark's house where, she testified, the occupants were becoming suspicious of her. When there was a knock at the front door, Bradford hurried to open it. Vallejo entered brandishing his pistol and went upstairs. Appellant then entered the house with his shotgun, and Bradford walked to her truck to wait.

The only occupants of Clark's house to testify were Thomas Pool and Nicole Edmonds. Pool testified that he was in an upstairs bedroom with Clark when a man entered carrying a shotgun. Pool attempted to disarm the man and the shotgun discharged, shooting him in the leg. Another man then entered the room with a pistol. The men demanded money. Clark told them he did not have any money in the house. Pool did not clearly remember what happened after that, and he was unable to identify appellant at trial.

Edmonds testified that she recognized Vallejo when he entered the house because he had robbed Clark on an earlier occasion. Edmonds identified appellant as the second robber. She

2

conceded that she had not positively identified appellant in a photo spread a few days after the offense, but she said that she was "a hundred percent positive" about her in-court identification. Edmonds also acknowledged using methamphetamine on the morning in question.

A conviction cannot be had on the testimony of an accomplice unless that testimony is corroborated by other evidence tending to connect the defendant with the offense. Tex. Code Crim. Proc. Ann. art. 38.14 (West 1979). Corroboration is not sufficient if it merely shows the commission of the offense. *Id*. In this cause, the trial court instructed the jury that Tiffany Bradford was an accomplice and that they were not to consider her testimony without first determining if it was corroborated in the manner prescribed by article 38.14.

Appellant does not dispute that Nicole Edmonds's testimony identifying him as one of the two armed men who entered Clark's house on the morning of November 28, 2002, was sufficient to connect him to the alleged offenses. He urges, however, that her testimony was unworthy of belief because she admitted being under the influence of narcotics and did not positively identify him in the photo spread.

Edmonds's credibility was an issue for the jury to decide. *Solomon v. State*, 49 S.W.3d 356, 362 (Tex. Crim. App. 2001). Attacks on a witness's credibility do not defeat the corroborating effect of the witness's testimony. *Id*. Appellant's argument improperly attempts to superimpose a legal or factual sufficiency review upon the accomplice witness standard. *Id*.; *see Cathey v. State*, 992 S.W.2d 460, 462-63 (Tex. Crim. App. 1999).

Edmonds's testimony tended to connect appellant to the alleged offenses and thus adequately corroborated Bradford's accomplice testimony. Appellant does not otherwise question

3

the sufficiency of the evidence to sustain the verdicts.  We overrule his point of error and affirm the judgments of conviction.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed:   January 27, 2005

Do Not Publish