TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-04-00135-CR






Hilary Childre, Appellant



v.



The State of Texas, Appellee








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 3022554, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



A jury found appellant Hilary Childre guilty of burglary of a habitation and two
counts of aggravated robbery and assessed punishment at thirty-five years' imprisonment for each
offense. See Tex. Pen. Code Ann. §§ 29.03, 30.02 (West 2003). Appellant's sole point of error is
that accomplice witness testimony was not adequately corroborated. We will affirm the convictions.

The accomplice witness was Tiffany Bradford. She testified that she and appellant
were living together on November 28, 2002. At about 4:00 a.m. that day, Chris Vallejo came to their
residence and asked them to participate in Vallejo's scheme to rob Mike Clark, a drug dealer. Told
by Vallejo that Clark had $20,000 in his house, Bradford and appellant agreed to take part in the
robbery. The three conspirators drove to Clark's house in Bradford's pickup. Vallejo was armed
with a pistol; appellant took his shotgun.

They parked a short distance from Clark's residence. According to plan, Bradford
walked to Clark's front door, knocked, and asked the woman who answered if she could use the
telephone, saying she had been abandoned after a fight with her boyfriend. (The woman who came
to the door was identified at trial as Kelly McKeon. Also in the house that morning were Clark,
Clark's girlfriend Nicole Edmonds, Eli Bustamante, and Thomas Pool.) Bradford was invited in and
taken to a telephone, which she used to call appellant's cell phone. After pretending to ask for a ride
home, Bradford walked through the house and noticed the other persons who were there.

Saying she was going to look for her ride, Bradford walked outside and reported to
Vallejo and appellant what she had seen. They instructed her to return to the house, wait for their
knock, and open the door for them. Bradford went back inside Clark's house where, she testified,
the occupants were becoming suspicious of her. When there was a knock at the front door, Bradford
hurried to open it. Vallejo entered brandishing his pistol and went upstairs. Appellant then entered
the house with his shotgun, and Bradford walked to her truck to wait.

The only occupants of Clark's house to testify were Thomas Pool and Nicole
Edmonds. Pool testified that he was in an upstairs bedroom with Clark when a man entered carrying
a shotgun. Pool attempted to disarm the man and the shotgun discharged, shooting him in the leg. 
Another man then entered the room with a pistol. The men demanded money. Clark told them he
did not have any money in the house. Pool did not clearly remember what happened after that, and
he was unable to identify appellant at trial.

Edmonds testified that she recognized Vallejo when he entered the house because he
had robbed Clark on an earlier occasion. Edmonds identified appellant as the second robber. She
conceded that she had not positively identified appellant in a photo spread a few days after the
offense, but she said that she was "a hundred percent positive" about her in-court identification. 
Edmonds also acknowledged using methamphetamine on the morning in question.

A conviction cannot be had on the testimony of an accomplice unless that testimony
is corroborated by other evidence tending to connect the defendant with the offense. Tex. Code
Crim. Proc. Ann. art. 38.14 (West 1979). Corroboration is not sufficient if it merely shows the
commission of the offense. Id. In this cause, the trial court instructed the jury that Tiffany Bradford
was an accomplice and that they were not to consider her testimony without first determining if it
was corroborated in the manner prescribed by article 38.14.

Appellant does not dispute that Nicole Edmonds's testimony identifying him as one
of the two armed men who entered Clark's house on the morning of November 28, 2002, was
sufficient to connect him to the alleged offenses. He urges, however, that her testimony was
unworthy of belief because she admitted being under the influence of narcotics and did not positively
identify him in the photo spread. 

Edmonds's credibility was an issue for the jury to decide. Solomon v. State, 49
S.W.3d 356, 362 (Tex. Crim. App. 2001). Attacks on a witness's credibility do not defeat the
corroborating effect of the witness's testimony. Id. Appellant's argument improperly attempts to
superimpose a legal or factual sufficiency review upon the accomplice witness standard. Id.; see
Cathey v. State, 992 S.W.2d 460, 462-63 (Tex. Crim. App. 1999).

Edmonds's testimony tended to connect appellant to the alleged offenses and thus
adequately corroborated Bradford's accomplice testimony. Appellant does not otherwise question
the sufficiency of the evidence to sustain the verdicts. We overrule his point of error and affirm the
judgments of conviction.



 __________________________________________

 W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed: January 27, 2005

Do Not Publish