NO. 07-03-0521-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 26, 2005

_____


MICHAEL SHIVERS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2002-401016; HONORABLE JIM BOB DARNELL, JUDGE

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Following a plea of not guilty, appellant Michael Shivers was convicted by a jury of murder and sentenced to life imprisonment. Presenting three issues, appellant contends (1) the trial court erred in including an instruction in the jury charge on provoking the difficulty as it related to self-defense, (2) the trial court's charge error was a violation of the

court's duty to prepare a written charge distinctly setting forth the law applicable to the case as required by article 36.14 of the Texas Code of Criminal Procedure, and (3) the trial court erred by overruling his 404(b) relevancy objection to extraneous offense evidence pertaining to his drug use. We affirm.

Shortly after midnight on the morning of October 6, 2004, William Bell was released from jail after serving time for outstanding traffic offenses.[1] Unable to obtain a ride, Bell began walking to a friend's house to wait for someone to come pick him up. A short time later, Bell was found dead lying near an alley on 15th Street. Shanna Walker testified that the night before Bell's body was found, appellant had approached her and her husband looking to buy drugs. Appellant then smoked crack cocaine in her presence before heading towards the alley between 15th and 16th Streets. Shortly thereafter, the Walkers heard noises sounding like a scuffle coming from the alley. As they proceeded towards the alley, appellant emerged walking towards them. The Walkers called out to him, but he did not respond and turned east on 16th Street. After searching the area, the Walkers located appellant and offered him a ride in their Suburban. On the way to his house, appellant told the Walkers that someone had been "bumping" and "fronting," which, according to Shanna, meant someone was talking trash and trying to sell fake drugs. She described appellant's demeanor as "jittery." After dropping appellant off at his home, the Walkers returned to the

---

[1]The record reveals that the date of the actual offense differs from the date stated in the indictment. Provided that this discrepancy was not objected to prior to trial, the right to do so has been waived and may not be considered on appeal. Tex. Code Crim. Proc. Ann. art. 1.14(b) (Vernon 2005).

alley on 15th Street where they found Bell lying face down in a pool of blood. They summoned a neighbor to call 911. Police later determined Bell died from a stab wound to the chest.

After investigators identified appellant as a suspect, Detective Rey Martinez arrived at appellant's residence and observed him leaving the house carrying a white plastic bag. When confronted, appellant admitted to Martinez that he had been involved in the stabbing and showed him the contents of the bag which consisted of, among other items, Bell's jacket and wallet. He then accompanied Martinez to the police department and provided a written statement claiming that Bell attacked him first and that he stabbed Bell out of fear for his own safety. He also displayed minor injuries which he claimed were a result of the fight. Appellant was subsequently arrested and charged with murder. At trial, the jury was instructed on self-defense and further instructed that if the evidence indicated that appellant provoked the difficulty so as to have a pretext for killing Bell, then he would not be entitled to claim self-defense. Although his trial counsel did not object to the charge, appellant argues by his first two issues that the provocation instruction limiting his self-defense claim was in error and denied him a fair and impartial trial. We disagree.

**Jury Instruction**

The function of the jury charge is to instruct the jury on applying the law to the facts. Abdnor v. State, 871 S.W.2d 726, 731 (Tex.Cr.App. 1994). When reviewing the record for jury charge errors, we must first determine whether error actually exists and second,

3

whether sufficient harm resulted from the error to require reversal. Tex. Code Crim. Proc. Ann. art. 36.19 (Vernon 1981); Hutch v. State, 922 S.W.2d 166, 170 (Tex.Cr.App. 1996).

The doctrine of provocation is codified in section 9.31(b)(4) of the Penal Code.[2] A provocation instruction is required when, in viewing the evidence in the light most favorable to giving the instruction, there is sufficient evidence that (1) the defendant did some act or used some words which provoked the attack on him, (2) such act or words were reasonably calculated to provoke the attack, and (3) the act was done or the words were used for the purpose and with the intent that the defendant would have a pretext for inflicting harm upon the other. Smith v. State, 965 S.W.2d 509, 513-14 (Tex.Cr.App. 1998). A reviewing court must determine whether a rational jury would have been able to find each of these elements beyond a reasonable doubt. *Id.* at 514. In determining whether provocation exists, direct evidence is not required. A finding may be made through inference relying on circumstantial evidence. *Id.* at 515. An act is reasonably calculated to cause an attack

---

[2](b) The use of force against another is not justified:

(4) if the actor provoked the other's use or attempted use of unlawful force, unless:

(A) the actor abandons the encounter, or clearly communicates to the other his intent to do so reasonably believing he cannot safely abandon the encounter; and

(B) the other nevertheless continues or attempts to use unlawful force against the actor;

Tex. Pen. Code Ann. (Vernon 2003).

if it is reasonably capable of causing an attack, or if it has a reasonable tendency to cause an attack. *Id.* at 517. Intent is to be determined from all the circumstances, including appellant's actions during or after the incident. *Id.* at 518.

In the present case, appellant's written statement suggests that Bell made first contact by asking "what's up with you?," to which appellant responded "what do you mean whats (sic) up with me?" Appellant then claims Bell struck him on the left elbow with an unknown object, and a fight ensued. Appellant admitted that he stabbed Bell because he was scared and because Bell was "too big" for him to fight. In its brief, the State directs us to evidence which suggests that appellant was the initial aggressor–specifically, that the incident occurred in the early morning hours in an alley, appellant had previously smoked crack cocaine and was believed to be looking for more drugs, Bell was presumably unarmed, appellant was armed, Bell talked trash and attempted to sell fake drugs to appellant, and appellant took several items from Bell, including his jacket and wallet. Moreover, the State advances the theory that appellant confronted Bell for the purpose of robbing and killing him so that appellant could obtain more drugs. If regarded as true, such conduct or acts by appellant clearly could have provoked Bell to attack his aggressor. Such acts would also have been reasonably calculated to provoke an attack by Bell since they are capable and have a tendency to cause a victim to attack. However, there is no evidence presented by the State suggesting that appellant's alleged conduct was for the purpose or with the intent that he would have a pretext for killing Bell. This is especially true if one accepts the State's theory that appellant initially confronted Bell with the intent

5

to kill him and rob him of his possessions. In evaluating the evidence in the light most favorable to a provocation instruction, we find there is not sufficient evidence from which a rational jury could have found each element of provocation beyond a reasonable doubt. Accordingly, we conclude the inclusion of the instruction on the law of provoking the difficulty to be in error.

We now consider whether there was sufficient harm to require reversal. Almanza v. State, 686 S.W.2d 157, 171 (Tex.Cr.App. 1984). The standard for determining whether sufficient harm resulted from the charging error to require reversal depends upon whether appellant made a timely objection to the charge. *Id.* Where appellant has made a timely objection, charge error will require reversal "as long as the error is not harmless." *Id.* By contrast, when appellant has not preserved his error by timely objection, an appellate court must find "egregious harm." *Id. Almanza* defines egregious errors as those which affect "the very basis of the case," deprive the defendant of a "valuable right," or "vitally affect a defensive theory." *Id.* at 172; *Hutch*, 922 S.W.2d at 171. In any case, the degree of harm may be determined in light of the entire jury charge, the state of the evidence, including the contested issues and the weight of the probative evidence, the arguments of counsel, and any other relevant information in the record. *Almanza*, 686 S.W.2d at 171.

In the case at hand, appellant did not object to the charge at trial, therefore, only a finding of "egregious harm" will warrant reversal. Appellant contends the inclusion of the instruction on provoking the difficulty denied him a fair and impartial trial because it denied

6

him the right to present a defense unencumbered by instructions not supported by the law or facts. We disagree. While we acknowledge that appellant's theory of self-defense was primary to his case and was contested at trial, we do not find that his right to this defense was encumbered in any way by the inclusion of an instruction on provocation. Although the State discussed the law of provocation in *voir dire*, neither side argued provocation at the guilt/innocence phase of trial. In support of his argument, appellant asserts that there were only two possible theories that the jury could have believed: (1) he killed Bell for "nefarious purposes" such as for robbery or drugs, or (2) that Bell attacked him and necessitated his use of deadly force in response. Appellant further points out that there was no evidence from any source that he provoked Bell with the intention of creating a pretext to kill him. Since appellant's assertions regarding the lack of the provocation evidence are correct and it is clear that an instruction on provocation was not warranted, it is highly unlikely that a rational jury would base its verdict on the theory of provocation. In similar circumstances, the Court of Criminal Appeals has repeatedly failed to find egregious harm. *See, e.g.*, Medina v. State, 7 S.W.3d 633, 638 (Tex.Cr.App. 1999); Cathey v. State, 992 S.W.2d 460, 466 (Tex.Cr.App. 1999). For this reason, we fail to find that the trial court's submission of a provocation instruction to the jury caused egregious harm to appellant. Appellant's first issue is overruled. Our disposition of issue one pretermits a discussion of issue two.

## Extraneous Offense Evidence

By his third issue, appellant claims the trial court erred by overruling his relevancy objection to extraneous offense evidence under Rule 404(b) of the Texas Rules of Evidence relating to his drug use. In a *voir dire* examination, the State questioned witness Shanna Walker regarding her knowledge of appellant's drug use the evening before Bell was stabbed. Appellant objected to relevancy, asserting that the such testimony was not referred to by Shanna in her statement to police. Where appellant makes only a relevancy objection at trial, such an objection does not preserve error concerning a Rule 404(b) extraneous offense claim. *Medina*, 7 S.W.3d at 643; Camacho v. State, 864 S.W.2d 524, 533 (Tex.Cr.App. 1993). Because a 404(b) claim was not preserved for review on appeal, appellant's third issue is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.