MCMILLIAN V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-151-CR

EMANUEL MCMILLIAN APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant Emanuel McMillian appeals his conviction and twelve-year sentence for robbery by threat.  In his sole point, appellant contends that the accomplice witness testimony presented at trial was not sufficiently corroborated to support his conviction.  We affirm.

II.  Background Facts

On May 8, 2004 at approximately 9:00 p.m., Susan Coleman was walking to her car in the Dillard’s parking lot at the Parks Mall in Arlington when a car with no lights on slowly approached her.  When the car pulled up beside her, appellant got out of the back seat and walked up to Coleman and said “purse.”
(footnote: 2)  Coleman stated that appellant was wearing all black, had a mask and gloves on, and had an Uzi weapon.
(footnote: 3)  Brian Doddy, who was sitting in the front passenger seat, then got out of the car and went up to Coleman and yelled “purse.”
(footnote: 4)  Doddy was also wearing a mask and gloves.  Coleman testified that Doddy yanked her purse and lunch bag off her arm.  Coleman was not able to identify the driver of the car, but it was later determined that Kristina Johnson was the driver. 

After getting the purse, appellant and Doddy then got back in the car and drove off with no lights on.  After the car drove away, Coleman called 911 and then got in her car and drove around the mall parking lot in an unsuccessful attempt to find the car.

On May 12, 2004, Jim Ford, a detective with the Arlington Police Department, was assigned the robbery investigation.  Detective Ford contacted Coleman and learned that her credit card had been used at least twice at Jimmy’s Food Mart in Fort Worth, Texas.  On May 14, 2004, Detective Ford went to Jimmy’s Food Mart and talked with the cashier, Kamal Adhiriki.  Adhiriki told Detective Ford that Johnson and Doddy had attempted to use the credit card and that he was suspicious of the transaction.
(footnote: 5)  Adhiriki gave Detective Ford the two receipts that he had kept from the credit card transactions.  After learning Johnson’s and Doddy’s identities, Detective Ford then obtained search warrants for their apartments and cars along with arrest warrants for both of them for credit card abuse.  During the searches, Detective Ford found Coleman’s purse at Johnson’s apartment and the Uzi weapon at Doddy’s apartment.  After being arrested, Johnson provided a written statement implicating appellant in the crime and identified appellant from a photo spread.  After obtaining Johnson’s written confession, Detective Ford then went to interview Doddy, who was already at the jail, about appellant’s possible participation in the crime.  Doddy also identified him from a photo spread as participating in the robbery.

The jury found appellant guilty of robbery by threat, and the trial court assessed his punishment at twelve years in the Institutional Division of the Texas Department of Criminal Justice.  

III.  Accomplice Witness Testimony

In appellant’s sole point, he argues that the accomplice witness testimony was insufficiently corroborated to support his conviction.  Appellant contends that the evidence presented at trial corroborates the offense of credit card abuse but not the charged offense of robbery by threat.

A.  Standard of Review

Article 38.14 of the code of criminal of procedure provides that a conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense.  
Tex. Code Crim. Proc. Ann 
art. 38.14 (Vernon 2005).  

In conducting a sufficiency review under the accomplice-witness rule, the reviewing court must eliminate the accomplice testimony from consideration and then examine the remaining portions of the record to ascertain if there is any evidence that tends to connect the accused with the commission of the crime.  
Solomon v. State
, 49 S.W.3d 356, 361 (Tex. Crim. App. 2001); 
Hernandez v. State
, 939 S.W.2d 173, 176 (Tex. Crim. App. 1997).  “Tendency to connect” rather than rational sufficiency is the standard;  the corroborating evidence need not be sufficient by itself to establish guilt beyond a reasonable doubt.  
Solomon
, 49 S.W.3d at 361; 
Cathey v. State
, 992 S.W.2d 460, 462 (Tex. Crim. App. 1999), 
cert. denied
, 528 U.S. 1082 (2000).  Nor is it necessary for the corroborating evidence to directly link the accused to the commission of the offense.  
Cathey
, 992 S.W.2d at 462.  The accomplice-witness rule is a statutorily imposed sufficiency review and is not derived from federal or state constitutional principles that define the legal and factual sufficiency standards.  
Id.
 at 462-63.  To satisfy the accomplice-witness rule there simply needs to be other evidence tending to connect the accused to the commission of the offense.  
See id.
 at 463.

B. Analysis

Adhikiri testified that on May 8, 2004, he was working as a cashier at Jimmy’s Food Mart in Fort Worth, Texas.  He stated that at approximately 10:30 p.m., Johnson, Doddy, and appellant
(footnote: 6) came through the drive-through lane in a maroon Cadillac.  Adhikiri said that Doddy was driving the car, Johnson was in the front passenger seat, and appellant was in the back seat. Adhikiri testified that he recognized Johnson and Doddy because they would frequently come into the store together, sometimes two to three times a day. Adhikiri further testified that appellant had been at the store a couple of times, although not as often as Johnson and Doddy.

Adhikiri testified that Doddy handed him a credit card with Susan Coleman’s name on it.  Adhikiri told Johnson, Doddy, and appellant that it was not their credit card, but allowed them to use it after Johnson said that it was her mother’s card.  However, Adhikiri testified that he became suspicious when, after the first sale was completed, Johnson, Doddy, and appellant wanted to buy a carton of cigarettes and a $25 cell phone card.  Adhikiri refused to sell the items to the group and wrote “Kristy” at the top of the credit card receipt.
(footnote: 7)
 Adhikiri testified that on May 19, 2004, Detective Ford went to Jimmy’s Food Mart to investigate the case.  Adhikiri told Detective Ford that Johnson and Doddy had attempted to use the credit card and gave a written statement about the credit card transactions.  On May 31, 2004, Detective Ford spoke to Adhikiri again about the credit card transactions.  Adhikiri stated that he gave a second written statement to the detective in which he described the third person, appellant, in the backseat of the car.  Detective Ford then showed Adhikiri a photo spread that included appellant’s picture, and Adhikiri identified appellant as being in the car with Johnson and Doddy.  At trial, Adhikiri testified that on May 8, 2004, while appellant, Johnson, and Doddy were in the car, both appellant and Doddy told Johnson, “it’s okay, don’t worry, Kris.”  Adhikiri stated that appellant, Johnson, and Doddy all said that it was okay to use the credit card.

Detective Ford testified that on May 27, 2004 at approximately 5:00 p.m., he went to the Arlington jail to investigate appellant’s participation in the robbery after Doddy had been arrested for the unauthorized credit card transactions.  Detective Ford testified that Doddy positively identified appellant from a photo spread as being involved in the robbery.  He further stated that on May 31, he interviewed Adhikiri again about the credit card transactions and Adhikiri positively identified appellant as being in the backseat of the car on May 8.

Appellant contends that Johnson’s testimony was not sufficiently corroborated.  Appellant complains that Detective Ford’s testimony regarding what Doddy said should not be considered because Doddy is an accomplice as a matter of law.  However, the court of criminal appeals has held that only in-court accomplice testimony is subject to the article 38.14 requirement of corroboration.  
Bingham v. State
, 913 S.W.2d 208, 211 (Tex. Crim. App. 1995) (op. on reh’g)
; see also Maynard v. State
, 166 S.W.3d 403, 410 (Tex. App.—Austin 2005, pet. ref’d).  Therefore, we hold that Detective Ford’s testimony regarding Doddy’s identification of appellant as a participant in the crime from a photo spread while in jail can be considered as corroborative evidence of Johnson’s testimony.  

Based on these facts, we hold that there was sufficient evidence to corroborate Johnson’s testimony that appellant participated in the crime.  Taken together, Adhiriki’s and Detective Ford’s testimony show appellant was at the scene when Coleman was robbed, appellant was involved in the robbery because he went up to Coleman with the Uzi weapon and demanded that she give appellant her purse, and appellant was at Jimmy’s Food Mart shortly after the robbery.  For these reasons, we hold that the accomplice witness testimony was sufficiently corroborated at trial.  

IV.  Conclusion

Having overruled appellant’s sole point, we affirm the trial court’s judgment.  

PER CURIAM

PANEL F: LIVINGSTON, J; CAYCE, C.J.; and MCCOY, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: April 27, 2006

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
Coleman was not able to identify appellant because he was wearing a mask.  However, she did identify him as the “one that got out of the back seat.”

3:
It was later determined that the weapon appellant was carrying was only a replica and was actually a BB gun.

4:
Coleman identified Doddy as the “one that got out of the front seat.”  

5:
Adhiriki allowed Johnson, Doddy, and appellant to use the credit card once, but became suspicious when the group attempted to use it again.

6:
Adhikiri did not know appellant’s name at the time that he came through the drive-through.  

7:
Adhikiri ran the credit card, but did not give the items to Doddy, Johnson, and appellant.