MEMORANDUM OPINION


No. 04- 05-00293-CR

Ralph MONTELONGO,

Appellant
v.
THE STATE OF TEXAS,

Appellee

From the 187th Judicial District Court, Bexar County, Texas 

Trial Court No. 2004-CR-3639A

Honorable Raymond Angelini , Judge Presiding



Opinion by: Sandee Bryan Marion , Justice

 

Sitting: Alma L. López , Chief Justice

 Sandee Bryan Marion, Justice

 Phylis J. Speedlin, Justice

Delivered and Filed: May 31, 2006

AFFIRMED

 A jury found defendant, Ralph Montelongo, guilty of murder, and assessed punishment at sixty years' confinement. On
appeal, defendant asserts (1) the evidence is legally insufficient because his conviction is based upon uncorroborated
accomplice testimony and (2) the evidence is factually insufficient because either no witness can identify him as
participating in the stabbing death of Joel Vasquez or the witness testimony is conflicting. We affirm.

"ACCOMPLICE-WITNESS RULE" 

 Accomplice-witness testimony is "inherently suspect." Jones v. State, 982 S.W.2d 386, 389 n. 5 (Tex. Crim. App. 1998). 
Therefore, the "accomplice-witness rule" provides that a conviction cannot stand on accomplice testimony unless there is
other evidence tending to connect the defendant to the offense. Tex. Code Crim. Proc. Ann. art. 38.14 (Vernon 2005);
Vasquez v. State, 67 S.W.3d 229, 236 (Tex. Crim. App. 2002). Evidence that proves merely the commission of the offense
is insufficient to meet the standard. Cathey v. State, 992 S.W.2d 460, 462 (Tex. Crim. App. 1999). Also,
accomplice-witness evidence that establishes the defendant was in the company of the accomplice before, during, and after
the commission of the offense is insufficient corroboration.Dowthitt v. State, 931 S.W.2d 244, 249 (Tex. Crim. App. 1996). 
However, it is not necessary for the evidence to directly link the defendant to the offense. See Knox v. State, 934 S.W.2d
678, 686 (Tex. Crim. App. 1996). Instead, when conducting a sufficiency review under the accomplice-witness rule, a
reviewing court must first eliminate the accomplice testimony from consideration and then examine the remaining portions
of the record to see if there is any evidence that tends to connect the defendant with the commission of the crime. Solomon
v. State, 49 S.W.3d 356, 361 (Tex. Crim. App. 2001). Because the standard is "tendency to connect," rather than a rational
sufficiency standard, the corroborating evidence need not be sufficient by itself to establish guilt. Id. If the combined
weight of the non-accomplice evidence tends to connect the defendant to the offense, the requirement of article 38.14 has
been fulfilled. Cathey, 992 S.W.2d at 462. This court may consider all facts and circumstances to establish corroboration
and the corroborative evidence may be circumstantial or direct. Gosch v. State, 829 S.W.2d 775, 777 (Tex. Crim. App.
1991). 

NON-ACCOMPLICE EVIDENCE

 Viana Alonzo is the common-law wife of the victim, Joel Vasquez. Vasquez was stabbed to death outside a San Antonio
bar on the evening of March 5, 2004. Alonzo testified she and Vasquez were out celebrating her birthday, when they went
to the Aztec Inn, also known as the Aztec Bar. Alonzo admitted she had been drinking and using cocaine. Alonzo said
that, as they rose to leave the Aztec Inn, another man pushed Vasquez to the floor; at which point, she grabbed a bottle and
struck the man. She said Vasquez rose to his feet, grabbed her hand, and the two ran outside. A group of people followed
the couple, caught up with them, and attacked them. Alonzo fell down, and heard the sound of breaking bottles. 

 Donald Haley was playing pool in the bar the same evening, and he at one point played pool with defendant. He
remembered seeing defendant exchanging words with Vasquez. Haley saw another man standing near defendant also
arguing with Vasquez. Haley saw the woman hit the man who was standing near the defendant; however, he identified
defendant as the man who actually pushed Vasquez down. Haley said the woman then immediately ran for the door. As the
couple fled, others chased them and began throwing beer bottles and ashtrays. Haley said that, as defendant left the bar,
defendant reached into his back pocket. Although Haley could not identify the object, it appeared defendant had a knife or
short blunt object. Outside, Haley saw defendant standing over Vasquez, and defendant was using an underhand jabbing
motion as he struck Vasquez. At the time, Haley thought defendant was hitting Vasquez. When the crowd around the
couple broke up, Haley saw only defendant and another individual standing over Vasquez. Just before Haley walked back
into the bar, he saw only defendant standing over Vasquez. Haley later identified defendant from a photo-lineup. 

 We conclude the above non-accomplice evidence "tends to connect" defendant "with the commission of the crime." 

ACCOMPLICE EVIDENCE

 In the jury charge, the trial court identified three individuals as accomplices: Genaro Andrade, Jesus Arispe, and Joe Danny
Sanchez.

 Genaro Andrade was in the bar, sitting at a table with defendant and others. Earlier in the evening, Andrade spoke to a
man, who pulled out a knife as he left the bar. Andrade said this man was not involved in the stabbing of Vasquez. 
Andrade saw defendant and Vasquez walk out of the bathroom at the same time, arguing. Vasquez walked back to the bar,
and defendant walked back to Andrade's table. Andrade said he was the man who was hit in the face with a bottle, but he
could not remember who hit him, nor could he remember pushing anyone. Andrade said defendant had a knife, and another
individual, Joe Danny Sanchez, also had a knife. Andrade admitted he gave two statements to the police, with the second
statement containing additional details not in the first statement. In his first statement, he did not mention anyone having a
knife. In his second statement, Andrade said defendant stabbed Vasquez. However, at trial, he said Sanchez stabbed
Vasquez. Later, Andrade changed his testimony and said both defendant and Sanchez both stabbed Vasquez.

 Jesus Arispe went to the bar with Sanchez. Arispe was part of the group that chased after Vasquez and Alonzo. Arispe
said Vasquez grabbed his foot and Arispe kicked him. Arispe also said Sanchez had a knife and stabbed Vasquez. 
Although Arispe saw defendant "using his hands" on Vasquez, he could not see whether defendant held anything in his
hands. However, he saw defendant hitting Vasquez "around his body area," and he saw blood on Vasquez when Vasquez
fell down after being hit by defendant. He said he did not see defendant with a knife.

 Joe Danny Sanchez dated defendant's niece. Sanchez admitted he stabbed Vasquez "a couple of times" because he thought
his girlfriend was being hurt. After he was arrested for his involvement in the stabbing, Sanchez gave his first statement to
the police. He did not mention defendant because he did not want to "snitch" and he was concerned about his safety. 
However, as part of a plea bargain, he was required to testify at defendant's trial, and he gave a second statement. At trial,
Sanchez said that before he ran away from the scene, he saw defendant holding a knife and stabbing Vasquez. 

 The above evidence is factually sufficient to support the verdict.

CONCLUSION

 We overrule defendant's issues on appeal and affirm the trial court's judgment.



 Sandee Bryan Marion, Justice

DO NOT PUBLISH