IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-55,161-02






EX PARTE ERIC DEWAYNE CATHEY








ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS


AND MOTION FOR STAY OF EXECUTION FROM CAUSE NO. 713189


IN THE 176TH JUDICIAL DISTRICT COURT


HARRIS COUNTY





 Per Curiam; Keller, P.J., and Meyers, Keasler and Hervey, JJ., would
dismiss the application pursuant to Article 11.071, § 5.


O R D E R



 This is a subsequent application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure Article 11.071, § 5, and a motion for
stay of execution.

 In March 1997, a jury found applicant guilty of the offense of capital murder. The
jury answered the special issues submitted pursuant to Texas Code of Criminal Procedure
Article 37.071, and the trial court, accordingly, set applicant's punishment at death. This
Court affirmed applicant's conviction and sentence on direct appeal. Cathey v. State, 992
S.W.2d 460 (Tex. Crim. App. 1999). Applicant filed his initial post-conviction
application for writ of habeas corpus in the convicting court on March 15, 1999. This
Court denied applicant relief. Ex parte Cathey, No. WR-55,161-01 (Tex Crim. App. Apr.
2, 2003)(not designated for publication). Applicant's subsequent application was
received in this Court on November 17, 2008.

 Applicant presents two allegations in his application. In his first claim, applicant
asserts that his execution would violate the United States Supreme Court's opinion in
Atkins v. Virginia, 536 U.S. 304 (2002), holding that the Eighth Amendment prohibits the
execution of the mentally retarded. In his second claim, applicant asserts that his
execution would violate his due process rights unless he is afforded a full and fair hearing
on his claim of mental retardation with access to the tools necessary to establish his claim.

 We have reviewed the application and find that the allegations satisfy the
requirements of Article 11.071 § 5. Accordingly, we grant applicant's motion to stay his
execution and remand the application to the trial court for a live hearing on applicant's
claims. As a part of its factual inquiry, the trial court shall receive and evaluate evidence
concerning:

 (1) the scientific validity and reliability of the "Flynn effect"; 

 (2) whether clinical practitioners who are ordinarily called upon to diagnose
mental retardation for purposes outside of the criminal justice system use and
apply the "Flynn effect" to I.Q. test results when making their particularized
diagnoses of mental retardation;


 (3) whether the application of the "Flynn effect" to individual test results is
generally accepted scientific procedure in the pertinent professional community
outside of the criminal justice system; and 


 (4) the known or potential "error rate" of the "Flynn effect" as it applies to a
specific I.Q. test result.


 IT IS SO ORDERED THIS THE 18TH DAY OF NOVEMBER, 2008.


Do Not Publish