IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-55,161-02




EX PARTE ERIC DEWAYNE CATHEY




ON APPLICATION FOR WRIT OF HABEAS CORPUS IN CAUSE
NO. 713189-B IN THE 176TH DISTRICT COURT
HARRIS COUNTY




           Per Curiam. 


O R D E R

           This is a subsequent application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure Article 11.071, § 5.
           In March 1997, a jury convicted Applicant of the offense of capital murder. The jury
answered the special issues submitted pursuant to Code of Criminal Procedure article 37.071,
and the trial court, accordingly, set punishment at death. This Court affirmed Applicant’s
conviction and sentence on direct appeal. Cathey v. State, 992 S.W.2d 460 (Tex. Crim. App.
1999). The Court denied applicant’s initial post-conviction application for writ of habeas
corpus. Ex parte Cathey, No. WR-55,161-01 (Tex. Crim. App. April 2, 2003)(not designated
for publication). 
           On November 17, 2008, this Court received the instant post-conviction application
for writ of habeas corpus in which Applicant raised two claims. After determining that these
claims met the requirements of Article 11.071, § 5, this Court remanded the cause to the trial
court for development and resolution of those issues. This Court also directed the trial court
to receive and evaluate evidence concerning the “Flynn effect.” The case has now been
returned to this Court. 
           In claim number one, Applicant asserts that his execution would violate the United
States Supreme Court’s opinion in Atkins v. Virginia, 536 U.S. 304 (2002), holding that the
Eighth Amendment prohibits the execution of the mentally retarded. In claim number two,
Applicant asserts that his execution would violate his due process rights unless he is afforded
a full and fair hearing on his claim of mental retardation with access to the tools necessary
to establish his claim. This Court has determined that these claims should be filed and set,
and this Court orders both parties to brief these particular issues. Briefs from both Applicant
and the State are due in this Court within 45 days of the date of this order.
           IT IS SO ORDERED THIS THE 18TH DAY OF JUNE, 2014.
Do Not Publish