

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### WR-55,161-02

### EX PARTE ERIC DEWAYNE CATHEY

### ON APPLICATION FOR WRIT OF HABEAS CORPUS
### CAUSE NO. 713189-B IN THE 176th JUDICIAL DISTRICT COURT
### OF HARRIS COUNTY

*Per curiam.*

### O R D E R

This is a subsequent application for writ of habeas corpus filed pursuant to the

provisions of Texas Code of Criminal Procedure Article 11.071.

In March 1997, a jury convicted Applicant of the offense of capital murder. The

jury answered the special issues submitted pursuant to Code of Criminal Procedure article

37.071, and the trial court, accordingly, set punishment at death. This Court affirmed

Applicant's conviction and sentence on direct appeal. *Cathey v. State*, 992 S.W.2d 460

(Tex. Crim. App. 1999). The Court denied Applicant's initial post-conviction application for writ of habeas corpus. *Ex parte Cathey*, No. WR-55,161-01 (Tex. Crim. App. April 2, 2003)(not designated for publication). Applicant later filed a subsequent state habeas application, in which he alleged that he is intellectually disabled and ineligible for the death penalty under the United States Supreme Court's holding in *Atkins v. Virginia,* 536 U.S. 304, 321 (2002). We denied that application in 2014. *Ex parte Cathey,* 451 S.W.3d 1 (Tex. Crim. App. 2014). In March 2015, we declined Applicant's suggestion to reconsider our disposition of that application.

The United States Supreme Court thereafter issued its opinion in *Moore v. Texas,* 137 S. Ct. 1039 (2017). In *Moore v. Texas,* the Supreme Court rejected the use of the *Briseno*[1] factors to analyze adaptive deficits because they "creat[e] an unacceptable risk that persons with intellectual disability will be executed." *Id.* at 1051. The Supreme Court held that this Court improperly "fastened its intellectual-disability determination to 'the AAMR's 1992 definition of intellectual disability that [it] adopted in *Briseno* for *Atkins* claims presented in Texas death-penalty cases."[2] *Id.* at 1053.

The Fifth Circuit authorized Applicant to file a successive habeas petition in federal court. *In re Cathey,* 857 F.3d 221 (5th Cir. 2017). The federal district court stayed its proceedings to give "the Texas courts an opportunity to decide whether *Moore* requires

---

[1] *Ex parte Briseno,* 135 S.W.3d 1, 8 (Tex. Crim. App. 2004).

[2] *See* American Association on Mental Retardation (AAMR), Mental Retardation: Definition, Classification, and Systems of Supports (9th ed. 1992).

reconsideration of [Applicant's] *Atkins* claim." *Cathey v. Davis,* No. H-15-2883 (S.D. Tex. July 28, 2017). Applicant has now submitted the instant "suggestion for [this] court to reconsider [this] case on its own initiative."

While the Rules of Appellate Procedure do not permit the filing of a motion for rehearing following the denial of a post-conviction application for writ of habeas corpus, we may on our own initiative choose to exercise our authority to reconsider our initial disposition of a capital writ. *See Ex parte Moreno,* 245 S.W.3d 419, 427-29 (Tex. Crim. App. 2008)(stating that we may choose to exercise this authority only "under the most extraordinary of circumstances"). In light of the Supreme Court's recent opinion in *Moore v. Texas,* we exercise our authority to reconsider this case on our own initiative.

This cause is remanded to the habeas court to consider all of the evidence in light of the *Moore v. Texas* opinion and make a new recommendation to this Court on the issue of intellectual disability. If the habeas court deems it necessary, then it may receive evidence from mental health experts and any witnesses whose evidence the court determines is germane to the question of intellectual disability. The habeas court shall then make findings of fact and conclusions of law regarding the issue of intellectual disability.

This cause will be held in abeyance pending the trial court's compliance with this order. The habeas court shall resolve the issue and make the required findings and conclusions within 60 days of the date of this order. Immediately thereafter, the clerk

shall forward to this Court a supplemental transcript containing the trial court's findings of fact and conclusions of law, any additional documents filed, and the transcripts of any hearings. Any extensions of time shall be obtained from this Court.

IT IS SO ORDERED THIS THE 7TH DAY OF NOVEMBER, 2018.

Do Not Publish