COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-151-CR

 

 

EMANUEL MCMILLIAN                                                          APPELLANT

 

 

                                                   V.

 

 

THE STATE OF TEXAS                                                                STATE

 

 

                                              ------------

 

           FROM
THE 396TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I.  Introduction








Appellant Emanuel McMillian
appeals his conviction and twelve-year sentence for robbery by threat.  In his sole point, appellant contends that
the accomplice witness testimony presented at trial was not sufficiently corroborated
to support his conviction.  We affirm.

II.  Background Facts

On May 8, 2004 at
approximately 9:00 p.m., Susan Coleman was walking to her car in the Dillard=s parking lot at the Parks Mall in Arlington when a car with no lights
on slowly approached her.  When the car
pulled up beside her, appellant got out of the back seat and walked up to
Coleman and said Apurse.@[2]  Coleman stated that appellant
was wearing all black, had a mask and gloves on, and had an Uzi weapon.[3]  Brian Doddy, who was sitting in the front
passenger seat, then got out of the car and went up to Coleman and yelled Apurse.@[4]  Doddy was also wearing a mask
and gloves.  Coleman testified that Doddy
yanked her purse and lunch bag off her arm. 
Coleman was not able to identify the driver of the car, but it was later
determined that Kristina Johnson was the driver. 








After getting the purse,
appellant and Doddy then got back in the car and drove off with no lights
on.  After the car drove away, Coleman
called 911 and then got in her car and drove around the mall parking lot in an
unsuccessful attempt to find the car.








On May 12, 2004, Jim Ford, a
detective with the Arlington Police Department, was assigned the robbery
investigation.  Detective Ford contacted
Coleman and learned that her credit card had been used at least twice at Jimmy=s Food Mart in Fort Worth, Texas. 
On May 14, 2004, Detective Ford went to Jimmy=s Food Mart and talked with the cashier, Kamal Adhiriki.  Adhiriki told Detective Ford that Johnson and
Doddy had attempted to use the credit card and that he was suspicious of the
transaction.[5]  Adhiriki gave Detective Ford the two receipts
that he had kept from the credit card transactions.  After learning Johnson=s and Doddy=s
identities, Detective Ford then obtained search warrants for their apartments
and cars along with arrest warrants for both of them for credit card
abuse.  During the searches, Detective
Ford found Coleman=s purse at
Johnson=s apartment and the Uzi weapon at Doddy=s apartment.  After being
arrested, Johnson provided a written statement implicating appellant in the
crime and identified appellant from a photo spread.  After obtaining Johnson=s written confession, Detective Ford then went to interview Doddy, who
was already at the jail, about appellant=s possible participation in the crime. 
Doddy also identified him from a photo spread as participating in the
robbery.

The jury found appellant
guilty of robbery by threat, and the trial court assessed his punishment at
twelve years in the Institutional Division of the Texas Department of Criminal
Justice.  

III.  Accomplice Witness Testimony

In appellant=s sole point, he argues that the accomplice witness testimony was
insufficiently corroborated to support his conviction.  Appellant contends that the evidence
presented at trial corroborates the offense of credit card abuse but not the
charged offense of robbery by threat.

A.  Standard of Review

Article 38.14 of the code of
criminal of procedure provides that a conviction cannot be had upon the
testimony of an accomplice unless corroborated by other evidence tending to
connect the defendant with the offense committed; and the corroboration is not
sufficient if it merely shows the commission of the offense.  Tex.
Code Crim. Proc. Ann art. 38.14 (Vernon 2005).  








In conducting a sufficiency review under the accomplice-witness rule,
the reviewing court must eliminate the accomplice testimony from consideration
and then examine the remaining portions of the record to ascertain if there is
any evidence that tends to connect the accused with the commission of the
crime.  Solomon v. State, 49
S.W.3d 356, 361 (Tex. Crim. App. 2001); Hernandez v. State, 939 S.W.2d
173, 176 (Tex. Crim. App. 1997).  ATendency
to connect@
rather than rational sufficiency is the standard;  the corroborating evidence need not be
sufficient by itself to establish guilt beyond a reasonable doubt.  Solomon, 49 S.W.3d at 361; Cathey
v. State, 992 S.W.2d 460, 462 (Tex. Crim. App. 1999), cert. denied,
528 U.S. 1082 (2000).  Nor is it
necessary for the corroborating evidence to directly link the accused to the
commission of the offense.  Cathey,
992 S.W.2d at 462.  The
accomplice-witness rule is a statutorily imposed sufficiency review and is not
derived from federal or state constitutional principles that define the legal
and factual sufficiency standards.  Id.
at 462-63.  To satisfy the
accomplice-witness rule there simply needs to be other evidence tending to
connect the accused to the commission of the offense.  See id. at 463.

 

B. Analysis








Adhikiri testified that on
May 8, 2004, he was working as a cashier at Jimmy=s Food Mart in Fort Worth, Texas. 
He stated that at approximately 10:30 p.m., Johnson, Doddy, and
appellant[6]
came through the drive-through lane in a maroon Cadillac.  Adhikiri said that Doddy was driving the car,
Johnson was in the front passenger seat, and appellant was in the back seat.
Adhikiri testified that he recognized Johnson and Doddy because they would
frequently come into the store together, sometimes two to three times a day.
Adhikiri further testified that appellant had been at the store a couple of times,
although not as often as Johnson and Doddy.

Adhikiri testified that Doddy
handed him a credit card with Susan Coleman=s name on it.  Adhikiri told
Johnson, Doddy, and appellant that it was not their credit card, but allowed
them to use it after Johnson said that it was her mother=s card.  However, Adhikiri
testified that he became suspicious when, after the first sale was completed,
Johnson, Doddy, and appellant wanted to buy a carton of cigarettes and a $25
cell phone card.  Adhikiri refused to
sell the items to the group and wrote AKristy@ at the top
of the credit card receipt.[7]








Adhikiri testified that on
May 19, 2004, Detective Ford went to Jimmy=s Food Mart to investigate the case. 
Adhikiri told Detective Ford that Johnson and Doddy had attempted to use
the credit card and gave a written statement about the credit card
transactions.  On May 31, 2004, Detective
Ford spoke to Adhikiri again about the credit card transactions.  Adhikiri stated that he gave a second written
statement to the detective in which he described the third person, appellant,
in the backseat of the car.  Detective
Ford then showed Adhikiri a photo spread that included appellant=s picture, and Adhikiri identified appellant as being in the car with
Johnson and Doddy.  At trial, Adhikiri
testified that on May 8, 2004, while appellant, Johnson, and Doddy were in the
car, both appellant and Doddy told Johnson, Ait=s okay, don=t worry, Kris.@  Adhikiri stated that appellant, Johnson, and
Doddy all said that it was okay to use the credit card.








Detective Ford testified that
on May 27, 2004 at approximately 5:00 p.m., he went to the Arlington jail to
investigate appellant=s
participation in the robbery after Doddy had been arrested for the unauthorized
credit card transactions.  Detective Ford
testified that Doddy positively identified appellant from a photo spread as
being involved in the robbery.  He
further stated that on May 31, he interviewed Adhikiri again about the credit
card transactions and Adhikiri positively identified appellant as being in the
backseat of the car on May 8.

Appellant contends that
Johnson=s testimony was not sufficiently corroborated.  Appellant complains that Detective Ford=s testimony regarding what Doddy said should not be considered because
Doddy is an accomplice as a matter of law. 
However, the court of criminal appeals has held that only in-court
accomplice testimony is subject to the article 38.14 requirement of
corroboration.  Bingham v. State,
913 S.W.2d 208, 211 (Tex. Crim. App. 1995) (op. on reh=g); see also Maynard v. State, 166 S.W.3d 403, 410 (Tex. App.CAustin 2005, pet. ref=d).  Therefore, we hold that
Detective Ford=s testimony
regarding Doddy=s
identification of appellant as a participant in the crime from a photo spread
while in jail can be considered as corroborative evidence of Johnson=s testimony.  








Based on these facts, we hold
that there was sufficient evidence to corroborate Johnson=s testimony that appellant participated in the crime.  Taken together, Adhiriki=s and Detective Ford=s testimony show appellant was at the scene when Coleman was robbed,
appellant was involved in the robbery because he went up to Coleman with the
Uzi weapon and demanded that she give appellant her purse, and appellant was at
Jimmy=s Food Mart shortly after the robbery. 
For these reasons, we hold that the accomplice witness testimony was
sufficiently corroborated at trial.  

 

 

 

 

 

IV.  Conclusion

Having overruled appellant=s sole point, we affirm the trial court=s judgment.  

PER CURIAM

PANEL F:    LIVINGSTON, J; CAYCE, C.J.; and MCCOY, J.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
April 27, 2006











[1]See Tex. R. App. P. 47.4.





[2]Coleman
was not able to identify appellant because he was wearing a mask.  However, she did identify him as the Aone
that got out of the back seat.@





[3]It
was later determined that the weapon appellant was carrying was only a replica
and was actually a BB gun.





[4]Coleman
identified Doddy as the Aone
that got out of the front seat.@  





[5]Adhiriki
allowed Johnson, Doddy, and appellant to use the credit card once, but became
suspicious when the group attempted to use it again.





[6]Adhikiri
did not know appellant=s
name at the time that he came through the drive-through.  





[7]Adhikiri
ran the credit card, but did not give the items to Doddy, Johnson, and
appellant.