COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
TARNARIUS MANDRILLE FISHER,           )                  No. 08-05-00136-CR
)
                                    Appellant,                        )                             Appeal from
)
v.                                                                          )                  282nd District Court
)
THE STATE OF TEXAS,                                   )                  of Dallas County, Texas
)
                                    Appellee.                          )                  (TC# F-0352726-TS) 

O P I N I O N

            Tarnarius Mandrille Fisher was indicted for the offense of capital murder. The jury found
him guilty and the trial court assessed punishment at confinement in the Institutional Division of the
Texas Department of Criminal Justice for life. We affirm.
FACTUAL SUMMARY
            On June 17, 2003, Habtamu Ayane and Messele Gebremichael, two Red Coleman
convenience store clerks, were murdered during a robbery of the store. At the time of the robbery,
David McMorris was inside the store buying a cup of coffee. Two young African American males
entered the store, purchased some juices, and left. Twenty seconds later, the two men re-entered
accompanied by a third man. 
            One of the men demanded money and someone told McMorris to get down on the floor. One
of the robbers searched McMorris’ pockets, took his billfold, and his Dallas Cowboys lighter. 
McMorris heard gunfire and the two clerks screaming, “No.” Someone placed a gun to McMorris’s
head and pulled the trigger three times, but the weapon misfired. After police arrived on the scene,
McMorris was transported to the police station to give his statement. He viewed a photo lineup, but
did not identify anyone. 
            The police investigation determined that a .32 caliber Astra and a .38 caliber RG special
revolver were the weapons used during the robbery. Ayane suffered four gunshot wounds, two from
each gun. Gebremichael’s wounds were inflicted by the .38 caliber weapon. 
            Two days after the robbery, police stopped a vehicle for an expired registration. As he
approached the car, Officer Woods saw the driver, Ted Petty, stuff a bag of marijuana into his pants. 
Petty was arrested for possession of marijuana. A search of the vehicle led to the discovery of two
loaded weapons and ammunition. In the glove box, officers found a bullet with a pinched primer,
indicating that someone had attempted to fire it.
            Petty consented to a search of his motel room. Officers found three people in the room. 
Zachary Bundage was sleeping on a fold out couch. Appellant and a female were inside the
bedroom. A loaded Astra .32 caliber gun was located underneath Appellant’s pillow. 
            Police received information about the robbery getaway car and were able to locate it. They
pulled the car over after the driver, Charles Akeen, ran a stop sign. Akeen had a Dallas Cowboys
lighter in his pocket. Akeen, Petty, Bundage, and Appellant were arrested for the Red Coleman
murders. 
SUFFICIENCY OF THE EVIDENCE
            In his sole issue on appeal, Appellant complains that aside from accomplice testimony, the
evidence is insufficient to connect him to the murders. Bundage described the events that occurred
before, during, and after the robbery. Appellant carried a black automatic gun with him every day,
and Bundage was able to identify the weapon police confiscated from the motel. On the day of the
murders, the four men drove to Red Coleman’s for some drinks. Bundage and Akeen entered the
store and purchased juices and cokes. As the two men were walking out, Bundage saw Petty and
Appellant come up with their guns drawn. Akeen ran out of the store and Bundage stayed inside. 
Bundage saw Appellant grab two six-packs of beer. Petty shot Gebremichael behind the counter and
both Petty and Fisher shot Ayane. Petty bent down next to McMorris, but Bundage did not hear any
shots fired. All four men then returned to Petty’s motel room where Appellant and Petty split the
money and Petty gave Akeen the Cowboy lighter.
Standard of Review
            We review a conviction based on accomplice testimony under the “tendency to connect”
standard as opposed to legal and factual sufficiency review. Solomon v. State, 49 S.W.3d 356, 361
(Tex.Crim.App. 2001). The standard of review for a conviction based on accomplice testimony is
statutorily imposed by Article 38.14. Cathey v. State, 992 S.W.2d 460, 462 (Tex.Crim.App. 1999). 
Under Article 38.14, “a conviction cannot be had upon the testimony of an accomplice unless
corroborated by other evidence tending to connect the defendant with the offense committed; and
the corroboration is not sufficient if it merely shows the commission of the offense.” Cathey, 992
S.W.2d at 462 n.3; Tex.Code Crim.Proc.Ann. art. 38.14 (Vernon 2005).
            In conducting our review, we must exclude the accomplice witness’s testimony and review
the remaining evidence to determine whether it tends to connect the defendant to the crime. 
Solomon, 49 S.W.3d at 361; McDuff v. State, 939 S.W.2d 607, 612 (Tex.Crim.App. 1997); Snyder
v. State, 68 S.W.3d 671, 677 (Tex.App.--El Paso 2000, pet. ref’d). The corroborating evidence does
not need to directly connect the defendant to the crime or be sufficient enough on its own to establish
the defendant’s guilt. Cathey, 992 S.W.2d at 462; Snyder, 68 S.W.3d at 677. If the combined
weight of the non-accomplice evidence tends to connect the defendant to the offense, the
requirement of Article 38.14 has been fulfilled. Gosch v. State, 829 S.W.2d 775, 777
(Tex.Crim.App. 1991). Although the mere presence of a defendant at the scene of the crime is
insufficient to corroborate accomplice witness testimony, evidence of defendant’s presence coupled
with other suspicious circumstances, may be sufficient enough to connect a defendant to the offense. 
Dowthitt v. State, 931 S.W.2d 244, 249 (Tex.Crim.App. 1996).
Non-Accomplice Testimony
            Appellant argues that McMorris’s eyewitness testimony was weak, there was no evidence
placing him at the scene, and there was no evidence connecting him to the gun. We disagree. After
the four men were arrested, the Dallas Morning News published their pictures and reported the story. 
McMorris saw the article and was able to identify Appellant as one of the robbers. He relayed this
information to Detective Ermatinger. Although McMorris was unable to identify Appellant at trial,
his earlier identification provides some evidence of his presence at the scene.
            Appellant was also found in possession of a .32 caliber weapon. Ballistics evidence
established that the gun was used to shoot Ayane. Possession of a murder weapon tends to connect
a defendant to crime and is proper corroborative evidence. Ayers v. State, 879 S.W.2d 176, 178
(Tex.App.--Houston [14th Dist.] 1994, no pet.), citing Beathard v. State, 767 S.W.2d 423, 427
(Tex.Crim.App. 1989). It is true that neither Appellant’s fingerprints nor DNA were found on the
weapon. A forensic biologist testified that the partial DNA profile lifted from the weapon was of
poor quality and excluded Appellant. Other testimony established that excluding Appellant from
the partial DNA profile did not mean he hadn’t touched the weapon; it merely indicated that a
genetic marker corresponding to Appellant’s sample was not extracted.
            Appellant also maintains that his presence near the weapon was insufficient to corroborate
Bundage’s testimony. In support of this argument, he directs us to Deal v. State, 508 S.W.2d 355,
357 (Tex.Crim.App. 1974). There, the defendant was found two days after the offense in a house
where the murder weapons were located. This evidence was sufficient to connect him to a crime
when coupled with other circumstances. Id. Here, there are additional corroborating circumstances
connecting Appellant to the crime. McMorris tentatively identified Appellant. Appellant was found
by police inside Petty’s motel room with Bundage. One of the murder weapons was hidden
underneath Appellant’s pillow. See Dillard v. State, 550 S.W.2d 45, 51 (Tex.Crim.App. 1977)
(presence of the accused with the accomplice witness, when coupled with other circumstances may
be sufficient to corroborate the testimony of the accomplice witness). While the non-accomplice
testimony might be insufficient in and of itself, it does tend to connect Appellant to the offense. Gill
v. State, 873 S.W.2d 45, 48 (Tex.Crim.App. 1994)(it is not necessary for the corroborating evidence
to be sufficient in itself to establish the accused guilt beyond a reasonable doubt). We overrule the
issue for review and affirm the judgment of the trial court.


July 27, 2006                                                               
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)