# NO. 12-07-00216-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DWIGHT DANIEL GIPSON,*<br>*APPELLANT* | § | *APPEAL FROM THE 217TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

*MEMORANDUM OPINION*

Dwight Daniel Gipson appeals his conviction for theft. In three issues, he argues that the evidence was legally and factually insufficient to support the conviction and that the testimony of a coconspirator was insufficiently corroborated. We affirm.

## BACKGROUND

Two people stole a load of copper from a metal recycling company in Lufkin, Texas early one morning. The theft was captured on video, but the images were not sufficiently clear to allow identification of the burglars. Several hours later, Rollie Ray Skinner attempted to sell the copper in Houston, Texas. He was driving a truck rented by Laura Davis, his common law wife. Appellant was with Davis and Skinner in the truck. The manager at the first place Skinner tried to sell the copper suspected that it had been stolen and called the police. The police came, but they released Skinner, Davis, and Appellant. The three immediately went to another scrap yard to sell the copper. The police were called again. This time they were able to connect the copper, which was in an unusual configuration, to the burglary in Lufkin that morning. The police arrested Skinner, Appellant, and Davis. Appellant told the police that he had nothing to do with the burglary of the

copper. Instead, he told them that he had simply been on the street in Houston, though he lived in Lufkin, early that morning when Skinner, whom he knew, hired him to help unload the copper. The jury did not believe Appellant and convicted him of theft under the theory that he possessed stolen goods or aided another in the possession of stolen goods. This appeal followed.

### SUFFICIENCY OF THE EVIDENCE

In his first and second issues, Appellant argues that the evidence is legally and factually insufficient to support the conviction. Specifically, he argues that there is insufficient evidence to show that he possessed the stolen copper or that he was liable as a party for possession of the stolen copper.

## Standards of Review

The due process guarantee of the Fourteenth Amendment requires that a conviction be supported by legally sufficient evidence. *See Jackson v. Virginia*, 443 U.S. 307, 315–16, 99 S. Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979); *Ross v. State*, 133 S.W.3d 618, 620 (Tex. Crim. App. 2004); *Willis v. State*, 192 S.W.3d 585, 592 (Tex. App.–Tyler 2006, pet. ref'd). Evidence is not legally sufficient if, when viewing the evidence in a light most favorable to the verdict, we conclude that no rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *see also Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993).

While legal sufficiency review is all that is required by the U.S. Constitution, the Texas Court of Criminal Appeals has determined that the Texas Constitution requires review of the factual sufficiency of the evidence. *Clewis v. State*, 922 S.W.2d 126, 129–30 (Tex. Crim. App. 1996). We review the factual sufficiency of the evidence to determine whether, considering all the evidence in a neutral light, the evidence supporting the conviction is too weak to withstand scrutiny or the great weight and preponderance of the evidence contradicts the jury's verdict to the extent that the verdict is clearly wrong and manifestly unjust. *See Watson v. State*, 204 S.W.3d 404, 414–15, 417 (Tex. Crim. App. 2006). In doing so, we must first assume that the evidence is legally sufficient under the *Jackson v. Virginia* standard. *See Clewis v. State*, 922 S.W.2d at 134. We then consider all of the evidence that tends to prove the existence of the elemental fact in dispute and compare it to the

2

evidence that tends to disprove that fact. *See Santellan v. State*, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997).

Our role is that of appellate review, and the fact finder is the judge of the weight and credibility of a witness's testimony. *Wesbrook v. State*, 29 S.W.3d 103, 111–12 (Tex. Crim. App. 2000). The fact finder may choose to believe all, some, or none of a witness's testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). When we review the factual sufficiency of the evidence, we are authorized to disagree with the jury's determination, even if probative evidence exists that supports the verdict. *See Clewis*, 922 S.W.2d at 133. But our evaluation should not substantially intrude upon the jury's role as the judge of the weight and credibility of witness testimony. *See Santellan*, 939 S.W.2d at 164.

## Analysis

The State was required to prove that Appellant, either individually or as a party, exercised control over the stolen copper without the effective consent of the owner and with the intent to deprive the owner of the property. TEX. PENAL CODE ANN. §§ 31.03(a), (b)(1), 31.01(4) (Vernon Supp. 2007). A person is criminally responsible for the actions of another if "acting with the intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense." TEX. PENAL CODE ANN. § 7.02(a)(2) (Vernon Supp. 2007).

Appellant argues there is no evidence that he acted as a party to the offense or that he exercised control over the copper individually. With respect to the legal sufficiency of the evidence, Appellant argues that only Davis's trial testimony links him to the offense. Appellant does not explain why her testimony cannot be considered with respect to the sufficiency of the evidence. In fact, both her testimony and the time line of the theft indicate that Appellant's claim that he was simply hired labor was not true. Appellant claimed that he was hired to unload the truck. But he said he was hired in Houston at about the same time the actual theft was occurring. This cannot be true, and Davis testified that it was not. Instead, she said that Appellant was with Skinner when she was picked up and that the copper was already in the truck, although she denied that she knew that it was there.

But the discrediting of the story Appellant told to the police does not prove the State's case by itself. Appellant's statement to the police does, however, show that his purpose in the truck was to exercise control over the copper, at least to the extent that he would have been unloading it. It also established that he was there to assist Skinner. In addition, at least two people stole the copper, and the jury may have concluded that it was Appellant and Skinner who did so, although they acquitted the men of charges related to the burglary.

The evidence of possession and that Appellant aided Skinner is circumstantial. Davis said Skinner and Appellant were friends. The two men were together in the truck, though Skinner was clearly in charge, and he did all the negotiating to sell the copper. Appellant's exculpatory explanation is implausible and demonstrably false. And the kernel of his explanation, that he was there to assist Skinner, actually implicates him in the charged offense.

After considering all of the evidence, we conclude that the jury could have reasonably found that Appellant was working to assist Skinner with his possession of the stolen copper. Appellant's own statement indicates that he was helping Skinner, and the jury was not obligated to believe that he had simply been hired as unwitting labor. Viewing the evidence in a light most favorable to the verdict, we conclude that a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Furthermore, we conclude that, after considering all the evidence without the light most favorable to the verdict, the evidence supporting the conviction is not so weak or contradicted that the conviction is clearly wrong and manifestly unjust. We overrule Appellant's first and second issues.

## ACCOMPLICE TESTIMONY

In his third issue, Appellant argues that there was not sufficient nonaccomplice evidence to link him to the offense.

### Applicable Law

A conviction may not be sustained on the testimony of an accomplice unless there is other evidence "tending to connect a defendant to the offense committed." TEX. CODE CRIM. PROC. ANN.

4

art. 38.14 (Vernon Supp. 2007); *Simpson v. State*, 181 S.W.3d 743, 753 (Tex. App.–Tyler 2005, pet. ref'd). This other evidence need not directly connect the defendant to the crime or be sufficient by itself to establish guilt, but it must do more than merely show the commission of the offense. TEX. CODE CRIM. PROC. ANN. art. 38.14; *Castillo v. State*, 221 S.W.3d 689, 691 (Tex. Crim. App. 2007). The corroboration requirement is fulfilled if the combined weight of the nonaccomplice evidence tends to connect the defendant to the offense. *Cathey v. State*, 992 S.W.2d 460, 462 (Tex. Crim. App. 1999). The corroborating evidence may consist of circumstantial evidence. *Gosch v. State*, 829 S.W.2d 775, 777 (Tex. Crim. App. 1991).

To evaluate whether there is sufficient corroborating evidence, we eliminate the accomplice testimony from our consideration and examine the record to ascertain whether the remaining evidence tends to connect the defendant with the offense. *Castillo*, 221 S.W.3d at 691. The accomplice witness rule is a statutorily imposed sufficiency review and is not derived from federal or state constitutional principles that are the basis for the legal and factual sufficiency standards. *Vasquez v. State*, 67 S.W.3d 229, 236 (Tex. Crim. App. 2002).

**Analysis**

Sufficient evidence tends to connect Appellant to this offense. He was in the truck with Skinner and the stolen copper and went with him on two attempts to sell the copper. Appellant was not simply a passenger; he admitted that he was there to help Skinner unload the copper. While the accused's mere presence in the company of the accomplice before, during, or after the commission of the offense is insufficient by itself to corroborate the testimony, evidence of such presence, coupled with other suspicious circumstances, may tend to connect the accused to the offense. *Dowthitt v. State*, 931 S.W.2d 244, 249 (Tex. Crim. App. 1996). Such suspicious circumstances are present here. Appellant told the police a story about his involvement that was not true. He said that he had been hired by Skinner early that morning on the streets of Houston to unload the truck. This is suspicious because there is no obvious reason that Skinner needed any help to unload the truck, and because the time Appellant said he was hired was approximately the same time the copper was being stolen. The jury could have reasonably concluded that Skinner and the copper could not be in two places at the same time. We overrule Appellant's third issue.

5

## **DISPOSITION**

Having overruled Appellant's three issues, we *affirm* the judgment of the trial court.

 <u>  BRIAN HOYLE  </u>
Justice

Opinion delivered May 30, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)