*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



# MEMORANDUM OPINION

No. 04-09-00828-CR

Kenneth Wayne **VESSELS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 198th Judicial District Court, Kimble County, Texas
Trial Court No. 08-1682
Honorable Emil Karl Prohl, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:       Karen Angelini, Justice
               Sandee Bryan Marion, Justice
               Phylis J. Speedlin, Justice

Delivered and Filed:  December 22, 2010

AFFIRMED

Appellant, Kenneth Wayne Vessels, appeals his conviction for aggravated assault with a deadly weapon.  We affirm.

## BACKGROUND

On the evening of March 3, 2008, appellant and his friend, Danny Winfree, went to the Riverside Bar in Junction, Texas to drink beer and play pool.  While at the bar, Winfree and another patron, Bill Eckert, began an argument over a bar stool that escalated to a minor

altercation in which appellant was not involved. After the altercation, appellant and Winfree left in Winfree's car. As Winfree and appellant were leaving, Winfree discovered he had accidentally taken another bar patron's cell phone. Winfree and appellant returned to the bar, where Winfree backed into a parking space and left his headlights on before going inside to find the phone's owner. Appellant got out of the car and remained in the parking lot near the bar's entrance.

Inside the bar, Winfree returned the phone to its owner, Daniel Hernandez, shook his hand, and told him, "I'm sorry. My fight's not with you." At that point, Winfree and Eckert had a second altercation, although the witnesses dispute how it transpired. Eckert testified he and Winfree "scuffled" inside the bar, at which point Winfree pulled out a knife. According to Eckert, Winfree then grabbed a cue ball and began backing out the door. Winfree threw the cue ball at Eckert, and Eckert chased Winfree out of the bar.

Jack Bierschwale, another bar patron who witnessed the events, testified Winfree turned to Eckert after returning the phone and said, "And you, you sorry SOB, [come outside]." Bierschwale stated Winfree then grabbed a cue ball, went to the entrance of the bar, and told Eckert again to come outside. When Eckert refused, Bierschwale testified Winfree threw the cue ball at Eckert and stepped into the parking lot. Eckert chased after Winfree and the two men continued fighting outside. Bierschwale stated he and several other patrons, still carrying their pool sticks, ran after Winfree and saw appellant still standing by Winfree's car. Bierschwale testified he saw appellant run over to where Eckert and Winfree were fighting and stab Eckert in the back.

Appellant, who observed the beginning of the fight from the parking lot, testified Eckert grabbed Winfree in a headlock and dragged him to the bar's entrance.[1] Appellant stated Winfree then pulled a knife and ran out the door. When several men came outside carrying pool sticks, appellant claimed he became scared and drew his own knife. He testified two patrons swung their pool sticks at him, and he tried to run away but ran directly into Eckert. Appellant stated Eckert grabbed him by the arm and appellant "stabbed at" him, but he thought he might have only made contact with Eckert's belt. Appellant testified it looked like Eckert had already been stabbed more than once by someone else.

Eckert sustained two life-threatening stab wounds to his right upper chest and left upper back, which caused one of his lungs to collapse. Appellant and Winfree were both indicted for aggravated assault with a deadly weapon. Appellant's first trial ended in a hung jury. The jury in appellant's second trial convicted him, and the court sentenced appellant to confinement for twenty-five years.

## DISCUSSION

The trial court instructed the jury it could convict appellant either as a principal or as a party to the crime. In his sole issue on appeal, appellant contends the trial court erred by submitting an instruction on the law of parties in the guilt/innocence jury charge because there was no evidence to support it. We assume, without deciding, that error occurred and turn to the question of harm. Because appellant objected to the trial court giving the law of parties instruction, he must show only "some harm" to prevail on this point. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (en banc). Where the evidence clearly supports a defendant's guilt as the principal actor, any error in charging the law of parties is harmless.

---

[1] Appellant testified at his first trial that resulted in a hung jury. He did not testify in the current trial, but the trial court allowed the State to read his prior testimony to the jury.

*Cathey v. State*, 992 S.W.2d 460, 466 (Tex. Crim. App. 1999) (en banc); *Black v. State*, 723 S.W.2d 674, 675 (Tex. Crim. App. 1986) (en banc).

Here, after reviewing the record, we conclude the evidence clearly supports appellant's conviction as the principal actor. Bierschwale testified appellant ran up behind Eckert while he was scuffling face-to-face with Winfree and stabbed him in the back. Eckert's treating physician testified he sustained two life-threatening stab wounds, one to his right upper chest and one to his left upper back. Also, appellant admitted taking out his knife during the fight in the parking lot and "stabbing at" Eckert. Although appellant claimed he scuffled with Eckert only in self-defense and did not believe he actually stabbed him, the jury was entitled to disregard appellant's testimony and believe Bierschwale's version of events instead. The physical evidence of a stab wound to the back, coupled with Bierschwale's testimony, clearly supports convicting appellant as a principal to the offense. Because the evidence clearly supports appellant's conviction as a principal to the aggravated assault, any error in charging the law of parties was harmless.

## CONCLUSION

We overrule appellant's sole issue and affirm the trial court's judgment.

Sandee Bryan Marion, Justice

DO NOT PUBLISH