NO. 07-10-0387-CR
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL C
 
 NOVEMBER 3, 2011
 _____________________________
 
 RODNEY WHITE, 
 
 Appellant 
 v.
 
 THE STATE OF TEXAS, 
 
 Appellee
 _____________________________
 
 FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;
 
 NO. 2010-428,127; HONORABLE BRADLEY S. UNDERWOOD, PRESIDING
 _____________________________
 
 Memorandum Opinion
 _____________________________
 

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
 A jury convicted Rodney White of illegal barter, expenditure, or investment with respect to the purchase of cocaine in an amount greater than 400 grams. He challenges that conviction by contending in seven issues that 1) the evidence is insufficient to sustain the conviction, 2) the trial court erred in giving a parties charge, and 3) the trial court erred in failing to grant his motion for a new trial with respect to jury misconduct. We affirm the judgment. 
 Background
 Through a confidential informant, the Lubbock County Sheriff's Office attempted to arrange the sale of a large quantity of cocaine by undercover officers to Septimus Anderson. The officers posed as members of a Mexican drug cartel. Anderson met with officers at the Tech Inn in Lubbock on June 18, 2009, but did not consummate the transaction because the location made him nervous. A week later, arrangements were made to meet at the Knight's Inn in Slayton. Anderson entered the motel room where the undercover officers were waiting, and appellant, who was carrying a bag with money, attempted to enter with Anderson. However, the officers told them that only one person would be permitted in the room. Anderson then exited making the statement that the money was appellant's. Appellant dumped the money on the bed and told the officers that the money was his. He was given four bags of cocaine in exchange for approximately $64,000. After appellant left the motel room, he and Anderson were arrested. 
 Issue 1 - Sufficiency of the Evidence
 We review challenges to the sufficiency of the evidence pursuant to the standard discussed in Brooks v. State, 323 S.W.3d 893 (Tex. Crim. App. 2010). Appellant argues that the State failed to prove that the currency delivered by him was his. Yet, he acknowledges that the record contains evidence of a recording wherein he could be heard saying that the funds were his. His compatriot also stated the same thing before walking from the motel room. That is some evidence upon which a rational jury could find beyond reasonable doubt that appellant owned the property used to finance the drug transaction. See Tex. Health & Safety Code Ann. §481.126(a)(3) (West 2010) (stating that a person commits the offense of illegal barter, expenditure, or investment if he barters property or finances or invests funds the person knows or believes are intended to further the commission of certain offenses).
 Issue 2 - Parties Charge
Next, appellant complains that the trial court erred in charging the jury on the law of parties. He argues that if his conduct alone was sufficient to sustain the conviction, (which he now argues that it was), then no instruction on the law of parties should have been given. We overrule the issue. 
Assuming, arguendo, that the trial court erred in submitting the parties charge, we find the error harmless. As discussed under Issue One and argued by appellant via Issue Two, evidence exists enabling a jury to find appellant to be the primary actor. The presence of such evidence renders harmless the purported error. Cathey v. State, 992 S.W.2d 460, 466 (Tex. Crim. App. 1999); Miles v. State, No. 07-02-0108-CR, 2003 Tex. App. Lexis 3443, at *1-3 (Tex. App. - Amarillo April 22, 2003, pet. ref'd) (not designated for publication). 
Issues 3-7 - Motion for New Trial
In his last five issues, appellant claims the trial court erred in refusing to hold Rule of Evidence 606b to be unconstitutional, which argument he purportedly raised via an amended motion for new trial. We overrule the issue.
Again, assuming arguendo, that the amended motion for new trial was timely, appellant concedes that his argument has been rejected by controlling or mandatory authority. Given that we lack the ability to ignore the writings of the United States Supreme Court and Texas Court of Criminal Appeals on the matter, we suggest that he ask those bodies to reconsider their holdings. 
Accordingly, the judgment is affirmed. 

 Per Curiam 

Do not publish.