Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio


★ ★ ★ ★  ★ ★ ★

# MEMORANDUM OPINION

No. 04-11-00491-CR

Raymond Lee **BALTIERREZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CR-2912
The Honorable Lisa Jarrett, Judge Presiding[1]

Opinion by:    Phylis J. Speedlin, Justice

Sitting:       Catherine Stone, Chief Justice
               Phylis J. Speedlin, Justice
               Steven C. Hilbig, Justice

Delivered and Filed:  July 25, 2012

AFFIRMED

Raymond Lee Baltierrez appeals his conviction of aggravated assault with a deadly weapon, asserting as his sole issue that there was no evidence to support submission of a jury charge on the law of parties.  We affirm the trial court's judgment.

---

[1] The Honorable Mary Roman is the presiding judge of the 175th Judicial District Court, Bexar County, Texas.  The Honorable Lisa Jarrett, sitting by assignment, conducted the trial and signed the judgment.

## BACKGROUND

The criminal charges in this case arise out of a drive-by shooting at the complainant Arthur Levrie's house. On the night of the shooting, Levrie was at his house with his friends Joe and Paul. Around midnight, they left to pick up food at Jack-in-the-Box, but stopped at an Exxon gas station on the way. At the gas station, Levrie and his friends had a confrontation with Levrie's across-the-street neighbor, Victor, who cussed at them from a Grand Am that Baltierrez was driving. Levrie and his friends left the gas station, picked up their food, and went back to Levrie's house. Levrie and his friends were standing outside eating next to their truck, when the same Grand Am drove by very fast, circled back around, and the driver started shooting at them. Levrie was hit in the stomach by one of the bullets. Baltierrez was indicted for aggravated assault with a deadly weapon, and was tried by a jury. The defense theory at trial was that Levrie and the other State's witnesses were not credible, and that Baltierrez was not the shooter. The jury convicted Baltierrez of aggravated assault with a deadly weapon, and he was sentenced to ten years' imprisonment. Baltierrez now appeals.

## ANALYSIS

Over a defense objection, the trial court instructed the jury that it could convict Baltierrez either as a principal actor or as a party to the offense. *See* TEX. PENAL CODE ANN. §§ 7.01, 7.02 (West 2011). The jury returned a general verdict of guilty. On appeal, Baltierrez argues that submission of the charge on the law of parties was error because there was no evidence to show he acted as a party to the offense, and he was harmed by the instruction. Assuming without deciding that submission of the charge was error, we conclude Baltierrez has not shown that he suffered "some harm" as a result of the law of parties instruction. *See Alamanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (where defendant objects to court's submission of

charge on the law of parties, he need only show "some harm" to prevail on appeal). If the evidence clearly supports a jury finding that the defendant is guilty as the principal actor, any error in charging on the law of parties is harmless. *Cathey v. State*, 992 S.W.2d 460, 466 (Tex. Crim. App. 1999); *Black v. State*, 723 S.W.2d 674, 675 & 675 n.2 (Tex. Crim. App. 1986); *Vessels v. State*, No. 04-09-00828-CR, 2010 WL 5401450, at *2 (Tex. App.—San Antonio Dec. 22, 2010, pet. ref'd) (mem. op., not designated for publication). The rationale for the rule is that if there was no evidence to support conviction on a party theory, then the jury would not have relied on the party instruction and instead would have rationally convicted the defendant as the principal actor. *Black*, 723 S.W.2d at 675 n.2; *Ladd v. State*, 3 S.W.3d 547, 565 (Tex. Crim. App. 1999).[2]

Here, the evidence in the record clearly supports Baltierrez's conviction as the principal actor. Even though there was some testimony that there were other people in the Grand Am with Baltierrez,[3] there is substantial evidence that Baltierrez was the shooter based on eyewitness testimony and corroborating physical evidence. Levrie testified that he saw Baltierrez, who he knew, driving the Grand Am as it passed by his house, and saw Baltierrez shoot several shots at him from the driver's side window. Levrie could not tell how many people were in the car with Baltierrez, who he also knew by the nickname "Dems." The physical evidence collected from the scene included seven shell casings of .380 caliber "scattered in a line down the street," one spent round in the truck, and a couple more spent rounds on the front porch. Amy Carvajal testified that Baltierrez, who is her husband's nephew, drives a Grand Am. She heard Baltierrez

---

[2] Baltierrez relies on *Black*'s footnote 2 in arguing that law of parties charge error may not always be harmless, for example, "when the State argued appellant was guilty as a party or if there was conflicting evidence of appellant's guilt as a principal." *See Black*, 723 S.W.2d at 675 n.2 (majority response to Justice Teague's "logical possibility" analysis in his dissent). Even assuming that to be the proper analysis, neither occurred here.

[3] Joe and Paul told the officers there were "possibly three suspects" in the vehicle, and gave the nicknames of two as "Over" and "Dems;" the neighbor across the street, Victor, is known as "Over," and he was friends with Baltierrez, who is known as "Dems." Levrie testified there were four people total in the Grand Am when it was at the Exxon.

tell her husband in her presence that he "did something at an Exxon and he needed to defend himself and that he pulled out a gun and started shooting," and later state that "they did a drive-by shooting and they shot somebody;" Baltierrez also asked her husband what he should do with the gun. Carvajal testified that she saw Baltierrez bury a gun under a plant at her house. Carvajal tipped off police, and gave them consent to search, leading to the discovery of the gun. A firearms examiner testified that all the cartridges found at the scene of Levrie's shooting were fired by the .380 caliber semiautomatic handgun recovered pursuant to Carvajal's tip.

We conclude that any error in charging the jury on the law of parties was harmless because the evidence clearly supports Baltierrez's conviction as the principal actor in the aggravated assault with a deadly weapon. Accordingly, we affirm the trial court's judgment.

Phylis J. Speedlin, Justice

DO NOT PUBLISH