

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-14-00005-CR

_____

RAFAEL FISCAL, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 100th District Court
Childress County, Texas
Trial Court No. 5504; Honorable Stuart Messer, Presiding

December 30, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant, Rafael Fiscal, Jr., was convicted by a jury of the offense of forgery, enhanced by two prior felony convictions.[1] The jury set Appellant's punishment at imprisonment for a term of twenty years and a fine of $10,000. By a single issue,

---

[1] TEX. PENAL CODE ANN. § 32.21(b) (West 2011). Where, as here, the forged instrument is a check, an offense under this section is a state jail felony. *Id.* at § 32.21(d). Double enhanced, an offense under this section is punishable as a felony of the second degree. *Id.* at § 12.425(b). As such, the offense was punishable by imprisonment for any term of not more than 20 years or less than 2 years, and by a fine not to exceed $10,000. *Id.* at § 12.33.

Appellant contends the corroborating evidence tending to connect him to the crime was insufficient to satisfy the accomplice-witness rule. We disagree and affirm.

BACKGROUND

Appellant was charged by an amended indictment with the state jail felony offense of forgery, alleged to have been committed on or about November 23, 2012. The indictment alleged that Appellant "did then and there, with intent to defraud or harm another, alter, make, complete, execute or authenticate a writing so it purported to be the act of Kenneth W. Malone, who did not authorize the act . . . ." Specifically, the indictment described a $285 check drawn on the account of Kenneth Malone. When it came time for trial, Appellant was tried as an accomplice to Courtney Shelby, a person who had previously pled guilty to the same forgery offense.

At trial, Courtney testified that she originally received the forged check from Appellant in the parking lot of a Wal-Mart store while the two of them sat in her vehicle. She testified that Appellant gave her the $285 check and asked her to cash it for him. According to her testimony, the check had the date, amount, and signature already filled out and she did not write anything on the check. Courtney further testified that after Appellant gave her the check, both of them drove to the McDonalds where she worked and she went inside and cashed the check. She then returned to Appellant in the parking lot and gave him $265, keeping $20 for herself.

Mr. Malone testified that his house had been previously burglarized and that in the burglary several items were taken, including a Crown Royal bag full of cigarette

2

lighters and an old checkbook. He further testified that the forged check was a check from that checkbook and that none of the handwriting on the check was his.

A closing manager at McDonald's, Richard Pryor, testified that Courtney came into the restaurant and cashed a $285 check drawn on the account of Mr. Malone. He testified that he wrote "McDonalds" on the "pay to the order" line of the check after Antonio Lugo, an assistant manager, approved the cashing of the check. Mr. Lugo testified that, contemporaneously, he saw Courtney in the driver's seat of her vehicle in the parking lot at McDonald's. Mr. Lugo also testified that Appellant was in the passenger seat of the same vehicle at the time.

Officer Michael Warren of the Childress Police Department testified that on January 6, 2013, pursuant to Appellant's arrest on an offense unrelated to the forgery charge, he conducted an inventory search of the vehicle being driven by Appellant. During that search, Officer Warren found a bag of cigarette lighters in a hidden compartment in the center console of the vehicle. The bag of lighters was identified as the bag taken from Mr. Malone's residence.

CORROBORATION OF ACCOMPLICE WITNESS TESTIMONY

Our law provides that a person may not be convicted based on the testimony of an accomplice witness unless there is other evidence, independent of the accomplice witness, that tends to connect the accused to the crime. See TEX. CODE CRIM. PROC. ANN. art. 38.14 (West 2005); Smith v. State, 332 S.W.3d 425, 439 (Tex. Crim. App. 2011); Hernandez v. State, 939 S.W.2d 173, 176 (Tex. Crim. App. 1997) ("A conviction cannot be had upon the testimony of an accomplice unless corroborated by other

evidence tending to connect the defendant with the offense committed . . . .").  Mere evidence that an offense was committed is insufficient to corroborate an accomplice's testimony.  *Smith*, 332 S.W.3d at 439.  It is not necessary that the corroborating evidence directly connect the accused to the crime or that it be sufficient in and of itself to establish guilt, just so long as it tends to connect the accused to the offense.  *Cathey v. State*, 992 S.W.2d 460, 462 (Tex. Crim. App. 1999).  In conducting a review under the accomplice-witness rule, a reviewing court must eliminate the accomplice testimony from consideration and then examine the remaining portions of the record to determine if there is any evidence that tends to connect the accused with the commission of the crime.  *Id.*; *Cook v. State*, 858 S.W.2d 467, 470 (Tex. Crim. App. 1993) (citing *Thompson v. State*, 691 S.W.2d 627, 631 (Tex. Crim. App. 1984)).

Here, the charge of the court allowed the jury to convict Appellant under the law of parties.  The charge also contained an accomplice witness instruction advising the jury that Appellant could not be convicted upon Courtney's testimony unless that testimony was "corroborated by other evidence tending to connect the [Appellant] with the offense charged."  The charge went on to instruct the jury that "corroboration is not sufficient if it merely shows the commission of an offense, but it must tend to connect [Appellant] with its commission."

As to the sufficiency of the evidence corroborating Courtney's accomplice witness testimony, the State presented evidence that Appellant was physically present at the McDonald's restaurant when the check was cashed and that he and Courtney were together at that time.  Having even a greater tendency to connect Appellant with the forged check, the State presented evidence that Appellant was in possession of

stolen goods, the bag of cigarette lighters, which was taken from the Malone residence at the same time as the checkbook from which the check in question was taken. While this evidence, independent of Courtney's testimony, would not directly connect Appellant with the forgery in question, it certainly had a tendency to connect him to the crime. Appellant's sole issue is overruled.

CONCLUSION

The trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.